(20 App. Div. 483.)

NILES v. MATHUSA et al,

(Supreme Court, Appellate Division, Third Department. September 8, 1897.)

1. INTOXICATING LIQUORS—LICENSES—ASSIGNMENT—VALIDITY.

Laws 1896, c. 112, authorizing liquor licenses, provides (section 25) that if the licensee afterwards chooses to discontinue the traffic, he may surrender his certificate, and thereupon be entitled to receive a pro rata amount of the tax paid for the unexpired term; and that, if he should die, or if a receiver or assignee of his property be appointed, his executor, or the receiver or assignee, may receive the cash value thereof for the unexpired term, or, under certain restrictions, may continue the business. Section 27 authorizes the licensee to sell and transfer his certificate to any corporation, association, firm, or individual not forbidden by the act to traffic in liquor. Section 28 provides that the proper officer may, on certiorari, be directed to consent to such transfer, where he has improperly refused to do so. *Held*, that a licensee may sell and assign his certificate, either absolutely, or as security for money advanced by the assignee to enable him to procure the license.

2. SAME—FAILURE TO FILE—RIGHTS OF CREDITORS.

An instrument executed by the holder of a liquor license recited that: "I hereby agree to assign to" a brewing company named a license numbered, etc., "taken out in my name," in consideration of a specified sum "loaned to me for the purpose of purchasing said license, to be the property of" said company, and until said sum is paid in full "the license is the property of the said company." *Held*, that the statute requiring chattel mortgages to be filed to be valid as to creditors did not apply to such instrument.

3. CHOSE IN ACTION—WHAT CONSTITUTES.

The right of one having a liquor tax certificate to have its surrender value returned on discontinuing the traffic, as provided by Laws 1896, c. 112, § 25, is in the nature of a chose in action.

4. ASSIGNMENT—DEMAND BEFORE ACTION.

Where an agreement by the holder of a liquor license to assign his certificate is conditioned on demand, and the person entitled to the assignment claims it in proceedings for the appointment of a receiver of the licensee's property, there is a sufficient demand.

5. FRAUDULENT CONVEYANCES—EVIDENCE.

In June, 1896, a brewing company advanced M. money to pay for a liquor license, and took an agreement by M. to assign the license to the company as security for the repayment of the money. The company made no demand for the license or assignment until January, 1897, when application was made for the appointment of a receiver of the licensee's property. *Held*, that the mere delay of the company was not enough to charge it with fraud.

Action by Nathaniel Niles against Martin Mathusa, in which, after judgment for plaintiff and return of execution unsatisfied, plaintiff applied, in proceedings supplementary to execution, for the appointment of a receiver, and the Hinckel Brewing Company intervened, and claimed a certain liquor tax certificate which had been issued to defendant. The court appointed a receiver, but permitted defendant

to transfer and deliver such certificate to intervener (44 N. Y. Supp. 88), and the case is submitted, under the statute, to the appellate division, on an agreed statement of facts.     Judgment for defendants.

The submission in this case sets forth that the defendant Martin Mathusa, on the 6th day of June, 1896, obtained what is known as a $500 license under the provisions of chapter 112, Laws 1896, authorizing him to traffic in and sell liquors at No. 22 Franklin street, in the city of Albany, and under such license engaged in and conducted said business from the time of the issuance thereof down to the 18th of January, 1897. At the time the license was issued, the Hinckel Brewing Company furnished said Mathusa the sum of $283.33 for the purpose of enabling him to obtain the same, and it was agreed that the said Hinckel Brewing Company should have a lien on the certificate, and it should be considered its property until said sum of $283.33 was paid in full. And said Mathusa thereupon executed the following instrument: "Albany, N. Y., U. S. A., June 6, 1896. I hereby agree to assign, transfer, and set over to the Hinckel Brewing Company, on demand, license numbered 13,795, taken out in my name, for and in consideration of the sum of $283.33, loaned to me for the purpose of purchasing said license, to be the property of the Hinckel Brewing Company; and, until said sum of $283.33 is paid in full, the license is the property of the said company. Martin Mathusa." The plaintiff, on or about the 1st day of December, 1896, obtained a judgment against the defendant Mathusa for $160 damages and costs, which at said time was duly docketed in the county of Albany. Execution was issued on said judgment on the 1st of December, 1896, and returned unsatisfied. On the 2d day of December, 1896, the plaintiff procured an order in supplementary proceedings, and the defendant Mathusa was afterwards examined thereunder. On the 9th day of January, 1897, an application was duly made for the appointment of a receiver of the property of said judgment debtor. On the application Mathusa and the Hinckel Brewing Company claimed that the liquor tax certificate issued, as aforesaid, to Mathusa was not his property, but belonged to the Hinckel Brewing Company by virtue of the oral agreement and the assignment above set out. The court before whom the proceedings were had appointed a receiver of the property of Mathusa, but permitted him to transfer and deliver the liquor tax certificate in question to the Hinckel Brewing Company. The question submitted is whether or not, under the facts above stated and the assignment above set forth, a valid legal or equitable assignment of the liquor tax certificate was created in favor of the Hinckel Brewing Company, superior to the lien of the plaintiff by virtue of his judgment, execution, and supplementary proceedings.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

H. A. Peckham, for plaintiff.

Scherer & Downs (J. Murray Downs, of counsel), for defendants.

PUTNAM, J.     Under the provisions of chapter 112, Laws 1896, the defendant Mathusa, by the liquor tax certificate issued to him, obtained the right to sell and traffic in liquor at his place of business in the city of Albany.     By section 25 of the act, if thereafter he should choose to discontinue the traffic, he was authorized to surrender the certificate, and was thereupon entitled to receive a pro rata amount of the tax paid for the unexpired term.     If a receiver or assignee should thereafter be appointed of his property, or he should die, and an executor or administrator of his estate should be appointed, such receiver, assignee, executor, or administrator could surrender such certificate, and receive the cash value thereof for the unexpired term; or, under certain restrictions and regulations, could continue the same business on the same premises.     By section 27 of the act, Mathusa could sell, assign, and transfer the tax certificate to any corporation, association, co-partnership, or individual not forbidden to traf-

fic in liquor under the provisions of the act. Although, under this section, the assignee could not continue to carry on the business of trafficking in liquor without the consent of the officer who issued the certificate, or his successor, under the provisions of sections 27 and 28 of the act, such consent could not be arbitrarily refused. If the assignee was not forbidden to traffic in liquors under the provisions of the act, or under the subdivision of section 11, under which the certificate was issued, it cannot be doubted but that he had a legal right to the consent of the officer who issued the certificate, and that the giving of such consent would be directed by the court under the provisions of section 28 of the act. Under the provisions of the statute, we see no reason to doubt that the defendant Mathusa could sell and assign his interest in the liquor tax certificate in question, either absolutely, or in the way of a security for the money advanced by the Hinckel Brewing Company to enable him to procure the license. Although, to enable the latter as an assignee to carry on the business under the certificate, it was necessary for it to obtain the consent of the officer who issued the same, yet the assignment must necessarily precede such consent; and, if such consent to an assignment was necessary, when, as in this case, the assignee merely desired to surrender the certificate, and recover the cash value thereof, as we have seen, it could not be arbitrarily refused, but, under the provisions of section 28, the officer who issued the same could be compelled to grant it.

It cannot be doubted but that the liquor tax certificate in question conferred upon the defendant Mathusa a property right. This is conceded by the parties. It was a right not only to do business, to sell and traffic in liquors, at his place of business in the city of Albany, but also, under certain circumstances, a right for him, his assigns, executors, or administrators, to recover a certain sum from the state. Under the contract between Mathusa and the state, the former would not be entitled to recover of the latter the surrender value of the certificate unless he should thereafter discontinue the business of trafficking in liquors. The right given to Mathusa under the certificate to receive from the state, under certain circumstances, the pro rata amount of the tax paid for the unexpired term, was therefore a contingent one. We think, however, the assignment made by Mathusa to the Hinckel Brewing Company valid. It is a well settled principle that:

"Courts of equity will support assignments, not only of choses in action, and of contingent interests and expectancies, but also of things which have no present, actual, or potential existence, but rest in mere possibility; not, indeed, as at present, positive, transfer, operative in præsenti, for that can only be of a thing in esse, but as a present contract, to take effect and attach as soon as the thing comes in esse. * * *"

· Story, Eq. Jur. § 1040; Williams v. Ingersoll, 89 N. Y. 508; Harwood v. La Grange, 137 N. Y. 538, 32 N. E. 1000; Holmes v. Evans, 129 N. Y. 140, 29 N. E. 233; Fairbanks v. Sargent, 117 N. Y. 320, 22 N. E. 1039; Id., 104 N. Y. 108, 9 N. E. 870.

It is urged by the plaintiff that the assignment under which the Hinckel Brewing Company claimed is in the nature of a mortgage, and, not having been filed, was void as to creditors. In Booth v.

Kehoe, 71 N. Y. 341, where an instrument transferring a lease as a security for a debt was considered, Miller, J., referring to the provisions of the statutes requiring the filing of a chattel mortgage, said: "They relate to goods and chattels which can be removed from one place to another, and the possession thereof changed, and not to chattels real, or to a chose in action." In Harrison v. Burlingame, 48 Hun, 212, it was decided that the statute in relation to the filing of chattel mortgages did not apply to the filing of a mortgage. The same doctrine was stated in Freeman v. Rich, 64 Hun, 478, 19 N. Y. Supp. 498, of an assignment of accounts as security for a debt. See, also, Fairbanks v. Sargent, supra; Williams v. Ingersoll, supra.

The learned counsel for the plaintiff urges that the right of one having a liquor tax certificate to recover its surrender value is not a chose in action; that when the license was issued, a tangible piece of property, capable of actual transfer and reduction to possession, came into existence; that its surrender value could not be recovered without a surrender of the certificate; that it could not be assigned without a delivery; that the right of a licensee, under the statute in question, is so intimately associated with, and dependent upon, the paper or written tax certificate delivered to him by the officers of the state, that such paper itself must be deemed the property obtained by the licensee, and a chattel.

We are unable to accede to this view. We regard the right of Mathusa, under the certificate granted to him, to be paid the pro rata amount of the sum paid on obtaining a license, as in the nature of a chose in action. In People v. Tioga Common Pleas, 19 Wend. 73, 75, Cowen, J., defines a chose in action as "a demand arising on contract, but also for a wrong or injury to the property or person." In 3 Am. & Eng. Enc. Law, 235, a chose in action is defined as "a right of proceeding in a court of law to procure the payment of a sum of money." The demand of Mathusa under his certificate to a rebate arose under a contract between him and the state. The payment of the sum to which he was entitled on the surrender of his certificate could be enforced by legal proceedings. It does not matter what form of action or legal proceedings he might be compelled to adopt to enforce his demand. He or his assignees under his contract with the state had the right to demand payment of a certain sum of money, which right he could enforce by mandamus, or other legal proceedings. This right was in the nature of a chose in action, and not the less so because he or his assigns would only be entitled to exercise that right on discontinuing the sale of liquors under the license. What Mathusa, in effect, assigned to the Hinckel Brewing Company was not so much the paper given the former by the state, but the rights derived by him under that paper,—the right to traffic in liquor, and a right to a rebate on the discontinuance of that traffic. It was no more the assignment of a chattel than the assignment of the lease considered in Booth v. Kehoe, supra, or the assignment of the mortgage referred to in Harrison v. Burlingame, supra. In the case last cited, the right of the mortgagee was derived from, and dependent upon, the written indenture of mortgage, just as much as Mathusa's right to traffic, or to a rebate upon discontinuing such traffic, was

dependent upon the certificate. If the mortgagee in the case cited had sold the mortgage, a delivery of the instrument would have been necessary, and on the foreclosure and collection thereof he would be compelled to surrender the security. As in the case cited, the mortgagee was secured certain rights under the written indenture of mortgage, so Mathusa, under the written tax certificate in question, was secured the right, under certain circumstances, to be paid the surrender value thereof.

It is claimed that the agreement to assign is conditioned upon demand, that no demand has been made, and hence no lien is created. The plaintiff, under his judgment, execution, and the proceedings he has taken, only took such right in the certificate in question as Mathusa had at the time. Mathusa's right was subject to the claim of the Hinckel Brewing Company under the oral and written contract admitted in the submission. A demand under said contract could be made at any time. It is made now.

It is also urged that the said company has been guilty of such laches in enforcing its lien as to show fraud. We are of opinion, under the circumstances of the case, that the mere delay of the company in enforcing its equitable rights is not enough to charge it with fraud; although it is true that such delay, under other circumstances, and in connection with other facts, might tend to indicate a fraudulent intent. But there are no other circumstances shown to substantiate the charge of fraud. It is conceded that the defendant the Hinckel Brewing Company advanced $283.33 to enable him to obtain the certificate, and that it has not been repaid that sum. We do not feel justified in holding that the mere delay of the company in collecting the sum it had advanced is sufficient to indicate a fraudulent intent on its part, or that, under all the circumstances, the creditors of Mathusa have been injured by the action of the Hinckel Brewing Company in the matter.

We therefore conclude that the defendants are entitled to a judgment for the relief demanded, with costs. All concur.