(25 App. Div. 222.)

HILLARD v. GIESE.

(Supreme Court, Appellate Division, First Department.   January 21, 1898.)

1. LIQUOR TAX LAW—CERTIFICATE—REVOCATION.
     A certificate, under the liquor tax law (Laws 1896, c. 112), when issued,
     constitutes a contract between the person who receives it and the state,
     by which, for the consideration paid by the owner, the state has granted to
     him an absolute right to traffic in liquors for one year from the 1st of May,
     of which he can only be deprived for some violation of the law, so long as
     the statute remains in force.

2. SAME—READJUSTMENT—EFFECT.
     Laws 1897, c. 312, § 6, amending section 11 of the liquor tax law, and
     requiring an enumeration of inhabitants, and resulting readjustment of
     excise taxes in certain localities, did not operate to affect the rights of the
     holders of certificates duly issued at any time prior to the completion of
     such enumeration.

Appeal from special term.

In the matter of the petition of George Hillard, special deputy
commissioner of excise, from an order enjoining Annie Giese from
trafficking in liquors.   From an order granting the injunction, de-
fendant appeals.   Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY,
PATTERSON, and O'BRIEN, JJ.

Arthur Furber, for appellant.
Alfred R. Page, for respondent.

RUMSEY, J.   The respondent, as special deputy commissioner of
excise, has applied to this court upon petition and affidavit for an
order restraining the appellant from trafficking in liquors, in the
annexed district of the city of New York, until the liquor tax as-
sessed upon her premises shall have been paid, and a liquor tax cer-
tificate obtained in pursuance of the law.   A certificate was issued
to her in due form, by the proper authorities, on the 20th of April,
1897, authorizing her to sell liquor for one year from the 1st of
May, 1897.   It is conceded that this certificate was valid at the time
that it was issued, and it is not claimed that the appellant has in
any way violated the liquor tax law.   The claim is that by reason
of the provisions of the amendments to that law which took effect
on the day on which the certificate was issued to her, and which be-
came operative five or six days afterwards, a certificate which was
valid when it was issued has ceased to be valid, and for that reason
the commissioner of excise is entitled to an injunction to restrain
her from continuing to sell liquor under its authority.   No action
has been commenced, but this is a special proceeding begun pur-
suant to section 29 of the law (chapter 112, Laws 1896) providing
that, if any person shall unlawfully traffic in liquor without obtain-
ing a liquor tax certificate, the proper person, who in this case is
the special deputy commissioner, may present a verified petition to
a justice of the supreme court, or to a special term of the court, for
an order enjoining such person from trafficking in liquor; and the
court is authorized, if it is satisfied that such person is so doing,

to issue the injunction. This mode of procedure is established by the statute, and exists only by its authority; and all the power which the court has to issue an injunction in this special proceeding, no action having been commenced, is derived solely from it. It is very doubtful whether this case comes within the statute, because the claim of the respondent is not that Mrs. Giese is trafficking in liquor without obtaining a liquor tax certificate, but that the tax certificate which she has obtained, and which undoubtedly was valid when it was issued, has, by the course of subsequent legislation, become invalid.

But passing that point, which is not insisted upon by the appellant, it is necessary to consider whether in fact the appellant had a valid tax certificate, and whether that certificate, if valid when it was issued, became invalid by the subsequent course of legislation or the action of the excise department of the state. The manner of procedure to obtain a liquor tax certificate is especially prescribed in the statute. Every person who desires to sell liquor must apply to the proper person, in a form prescribed by the statute, for the issuance of such certificate to him. With the application must be given a bond, in a form also prescribed by the statute. Laws 1896, c. 112, §§ 17, 18. This application must be made on or before the 1st day of May. The tax is due and payable on the 1st day of May (section 12), but section 21 of the statute makes provision for cases in which the tax shall have been paid not less than 15 days before the time fixed for the expiration of the former tax certificate; from which it is fairly to be inferred that the tax may be paid by the person making the application, at the time of making it, and the payment need not necessarily be postponed until the very day on which it is due. It is further provided by section 19 of the act that after the application and the bond shall have been found to be correct in form, and the sureties upon the bond have been approved, then, upon payment of the tax, the proper officer shall at once prepare and issue a legal tax certificate in the form provided by the act. In this section is found the only authority to issue a tax certificate, and it is to be noticed that it can be issued only upon payment of the tax prescribed, and the payment is a condition precedent; so that it is quite clear that the officer upon whom is devolved the duty of issuing the certificate can only issue it after the tax has been paid. The owner of the certificate cannot be deprived of it except for some violation of the law. The statute provides that, under certain circumstances, this certificate may be surrendered, but the surrender can only be made in the manner and at the time provided by section 25 of the liquor tax law, and, when surrendered, the officer receiving it is authorized to repay to the owner the proper proportion of the amount of the tax for the unexpired term of the certificate, from the 1st of the month succeeding the time on which the surrender is tendered; so that, under no circumstances, after the 1st day of May in any year, could the certificate be surrendered, and the owner receive back the full amount paid, but, in any case, the commissioner is required to retain at least one-twelfth of the tax. The certificate, when it has been issued, constitutes a

contract between the person who received it and the state, by which, for the consideration paid by the owner, the state has granted to him an absolute right to traffic in liquors for one year from the 1st of May subsequent to the date on which the certificate is granted, and of which he can only be deprived for some violation of the law, so long as the statute remains in force. The right is a valuable one. It is property, and the person who receives it has the same right to be protected in this property as in any other for which he has paid a valuable consideration, and of which he is the owner. People v. Durante, 19 App. Div. 292, 45 N. Y. Supp. 1073; Niles v. Mathusa, 20 App. Div. 483, 47 N. Y. Supp. 38.

It appears in this case that Mrs. Giese was the owner of premises situated in that district of the city of New York which was annexed in the year 1895. On the 20th of April, 1897, she applied in proper form for a liquor tax certificate to entitle her to traffic in liquors from the 1st of May following. The tax required from her at that time was $100. This sum she paid, and on that day a certificate in due form was issued to her. There is no doubt, and it seems to be conceded, that the certificate then issued was valid, and, in the absence of any change in the statute, would have been sufficient to protect her in the lawful conduct of the business for the year during which it was in force. On the day on which the application was made an amendment to the liquor tax law became a law, by which it was provided that if, since the last state enumeration, the boundaries of a city should have been changed by the addition of territory not in the same judicial district, such annexed territory should not be deemed a part of the city for the purpose of determining the amount of excise tax therein, but the inhabitants of that territory should be enumerated for the purpose of determining the amount of the tax, and, when the enumeration had been had, the tax assessed therein should be the same as that provided for in other places containing the same population. Pursuant to that amendment, an enumeration was taken, under the authority of the commissioner of excise, which was completed on the 25th day of April, 1897, and it was determined by him that the amount of the tax to be paid by persons in the annexed district, in which Mrs. Giese lived and did business, should be $350, instead of $100, as it had been. No notice seems to have been given of this to the appellant until the 10th day of May, 1897, at which time notice was sent to her that the tax assessed upon the business in her locality had been increased to $350, and she was required either to pay the additional $250, or to cease doing business under the certificate which had been issued to her. It is quite clear that, although the law may have taken effect on the 20th of April, it could not become operative until the enumeration required by it had been finished. There was no provision in the statute that the issuing of certificates should be delayed until that had been done, nor was there any requirement that it should be done at any particular time, but the legislature seem to have been willing that, until the enumeration was taken, the rate to be paid for certificates should continue to be the same as that provided for by the act before it was amended. Nor was there anything in the

act requiring that when it did become operative it should apply to all certificates which had been issued before the enumeration had been taken, but it seems to have been the intention of the legislature that no change should take effect until the enumeration had been taken by the commissioner, because it is provided expressly that the tax assessed in each place enumerated shall be the same as that provided for the other places containing the same population. This provision necessarily implies that there can be no increase in the amount of the tax until the enumeration has actually been had. This is the plain construction of the statute, and it accords with the well-settled rule that, so far as vested interests are concerned, every statute shall be deemed to be prospective in its operation, except so far as the legislature, within the limit of its powers, shall have expressly enacted to the contrary. Dash v. Van Kleeck, 7 Johns. 477. The certificate issued to the appellant, which was valid when she received it, and under which she was lawfully trafficking in liquor, was not intended to be made invalid by an act which subsequently took effect. There was no way in which this certificate could have been revoked by the excise commissioner. The appellant could not have been required to give it up and receive the money which she had paid for it, because the right to surrender is exclusively given by the statute to the owner of the certificate, and upon that surrender there must be deducted from the sum paid by her the pro rata amount of the tax until the 1st day of the month after the certificate has been surrendered. There is no provision anywhere in the statute authorizing the commissioner to repay to any holder of a certificate the full amount of the tax which he has paid. and receive back the certificate. Section 13 of the statute prescribes how he shall dispose of all the money which he receives in payment for the certificates, and it leaves him no discretion to repay that money, and no authority to devote it to any other purpose than that provided for in the statute. There is no intention on the part of the legislature anywhere in the act or in the amendments to give to the commissioner of excise, or to those persons who shall perform his duties, any right or authority to interfere with a certificate after it shall have been issued, or to revoke it; or to receive back the money which has been paid for it. This certificate being valid when it was issued, there is no provision in the statute for taking away from the holder of it the protection which the statute gave her. Under it she was entitled to traffic in liquors during the time for which the certificate was granted, and, in the absence of any provision by the legislature authorizing or requiring its revocation, her right was complete and perfect, and she could not be interfered with. For these reasons it was error to grant this injunction, and the order should be reversed, and the petition for an injunction dismissed. As this is a special proceeding, costs as of an action should be granted to the appellant. All concur.