(42 App. Div. 335.)

### ALBANY BREWING CO. v. BARCKLEY et al.

(Supreme Court, Appellate Division, Third Department.    July 6, 1899.)

1. DIRECTING VERDICT.
    A liquor dealer obtained a tax certificate with money borrowed by him of plaintiff, to whom he delivered an instrument in writing, assigning to plaintiff all the option which he might have under such certificate and the statutes to surrender the certificate or to transfer the same, and agreed to deliver up the certificate to plaintiff on demand. Thereafter such dealer became insolvent, and a receiver was appointed, who took possession of the certificate, and surrendered it to the county treasurer for cancellation and payment of the statutory rebate. The treasurer thereupon gave a receipt and a statement of the amount of the rebate, and sent the certificate and the petition for cancellation to the state commissioner of excise. Plaintiff claimed that verbal notice had been given by him to the treasurer before he sent the certificate to the state commissioner of his claim to own the certificate, which fact was denied by the county treasurer. *Held* error to direct a verdict for plaintiff in action against the county treasurer for conversion, he being entitled to go to the jury on the question

whether he transmitted the certificate before he had notice of plaintiff's claim.

**2. CONVERSION—EVIDENCE.**

The county treasurer and the excise department had a right to consider the surrender of the certificate by the receiver of the liquor dealer operative, so that the county treasurer could not be held liable to the plaintiff for its conversion.

**3. PLEADING—DESCRIPTION OF DEFENDANT.**

Where an action is brought against defendant as treasurer of a certain county, the words are descriptive of his position, and, if the cause of action alleged and proved is personal against him, they may be disregarded.

Appeal from Albany county court.

Action by the Albany Brewing Company against Edward L. Barckley, treasurer of Albany county, and A. Page Smith, receiver. Judgment on a verdict directed by the court in favor of plaintiff. From such judgment and orders denying separate motions by defendants for a new trial, they appeal separately. Judgment and orders reversed.

This action was brought to recover the value of a liquor-tax certificate issued to Joseph Seeney on 30th April, 1897. The action was commenced on 25th January, 1898; Mr. Barckley, as treasurer, being then the only defendant. It was alleged in the complaint, among other things, that prior to the 1st November, 1897, Seeney assigned to plaintiff the said certificate, and all his interest therein, and empowered the plaintiff to surrender it, and recover to its own use all moneys due by virtue of such surrender, and that on the 1st November it was the sole owner of such certificate and rights; that prior thereto Seeney had ceased to traffic in liquors, and the certificate was worth $250; that Barckley, as treasurer, on the 1st November, wrongfully, and without authority of law, took into his possession the said certificate, without the knowledge or consent of the plaintiff, and refused to deliver it to plaintiff, though possession of the same was demanded by plaintiff, and still wrongfully retains it, and refuses to pay the plaintiff its value. Judgment was demanded for $250 and interest. The defendant Barckley, as treasurer, in his answer, among other things, denied any wrongful taking or retention of said certificate; denied any knowledge or information sufficient to form a belief as to the transfer to plaintiff or its ownership; alleged the surrender of the certificate to him by the receiver of the property of Seeney, duly appointed, and the issuing by him, as county treasurer, of duplicate receipts, pursuant to the provisions of section 25 of the liquor-tax law, and the delivery of one of such receipts to said receiver, and the transmission of the other, together with the certificate and the petition for cancellation, to the state commissioner of excise. It was also alleged that the receiver complied with the provisions of section 25 in all matters pertaining to the surrender of the certificate, and claimed to be entitled to all moneys due by virtue of the surrender, and demands the same of the defendant, and a stay was prayed for until the receiver should be brought in as defendant. Thereafter, on April 19, 1898, by an order of the county court, on motion of the attorney for the plaintiff, plaintiff was given leave to bring in as a party defendant the said receiver. An amended summons and complaint was accordingly served, the amended complaint being the same as the original, except that the appointment of the receiver was alleged, and it was stated that he claimed to have some interest in the cause of action set out in the complaint or in the certificate, and that such interest, if any, accrued subsequent to that of the plaintiff, and was subject to its rights. The receiver in his answer claimed to have rightfully taken into his possession and surrendered the certificate in question, and received from the officer issuing the certificate the surrender statement, which authorized him to receive the rebate. It was alleged that the alleged assignment to plaintiff was conditioned upon the plaintiff furnishing to Seeney beer during the time the license was operative; that the plaintiff failed to perform this condition, and therefore ceased to have any claim on the certificate. Upon the trial, at the close of the evi-

dence, the court directed a verdict in favor of the plaintiff against the defendant Barckley, as county treasurer of Albany county, for the sum of $250, and declined to submit any question of fact to the jury. Exception was duly taken by the defendants.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

William E. Schenck, for appellant Barckley.
Geo. H. Mallory, for appellant Smith.
Robert W. Hardie, for respondent.

MERWIN, J.   On the 30th April, 1897, the defendant Barckley, as county treasurer of Albany county, in consideration of the payment to him by Joseph Seeney of the sum of $500, issued to Seeney a liquor-tax certificate numbered 12,953, authorizing and empowering Seeney to traffic in liquors at No. 1235 Broadway, in the city of Albany, from April 30, 1897, to April 30, 1898, under and pursuant to subdivision 1 of section 11 of the liquor-tax law.   The money which Seeney paid was borrowed by him of the plaintiff on the 26th April, 1897, and Seeney gave to the plaintiff his note therefor.   As a part of the same transaction, Seeney executed and delivered to the plaintiff an instrument in writing, in which Seeney, after a recital that a liquor-tax certificate was about to be issued to him, the monies to pay for which had been advanced by plaintiff, assigned and transferred to the plaintiff "all the right, power, and option which I have, or which I shall hereafter have, under the said tax certificate, and the provisions of said statute, to surrender or cancel said tax certificate, or to have the said tax certificate transferred to any other premises than those above mentioned, or to sell, assign, or transfer the said tax certificate, or to receive and collect the amount of any unexpired coupons on said tax certificate, and any money due, or to become due, upon the surrender, transfer, or cancellation of said tax certificate"; and Seeney also thereby constituted the plaintiff his attorney, irrevocable, for him and in his name, to transfer to itself, or to any other person, the said certificate, and have it transferred to any other premises, and to surrender and cancel the same, and to make all necessary instruments to accomplish such purposes; and, in the event of such sale or surrender, Seeney transferred to the plaintiff any and all moneys received or payable for such tax certificate.   Seeney also agreed to deliver up to the plaintiff, upon demand, the certificate, and authorized the plaintiff to enter upon his premises, and take away the certificate, at any time.

At the time of this transaction, it was understood between the plaintiff and Seeney that the plaintiff should furnish Seeney beer during the term of the license.   It did so up to October 24, 1897, when it refused to furnish it longer, by reason of the failure of Seeney to make payments.   In October the plaintiff recovered judgment against Seeney upon the note, and this judgment has not been paid.   In the latter part of October, the plaintiff demanded the certificate from Seeney, and he agreed to bring it to the plaintiff on the 31st October, to be surrendered.   On the 30th October, 1897, the defendant A. Page Smith, by an order of the Albany county judge in proceedings

supplementary to execution upon a judgment in favor of George W. Whitman against Seeney, was appointed receiver of the property of Seeney, and upon the same day the receiver took possession of the said certificate. Upon the 1st of November following, the receiver surrendered this certificate to the county treasurer, together with a verified petition in due form for its cancellation and the payment to him of the proper rebate. The treasurer thereupon gave to the receiver a receipt for the certificate, and a statement of the amount of the rebate, and by whom payable, and sent to the state commissioner of excise a duplicate of the receipt, together with the certificate and the petition for cancellation. The plaintiff claims, and at the trial gave evidence tending to show, that the treasurer or his deputy, before sending the certificate to the state commissioner, had verbal notice from plaintiff that it claimed to own the certificate. This, however, was denied on the part of the defendants. On the 24th of November, 1897, the plaintiff served on Mr. Barckley, individually and as treasurer of Albany county, a written notice setting out its claim to the ownership and possession of the certificate, and demanding the proceeds or rebate due by virtue of the surrender and cancellation. On the 25th of January, 1898, the plaintiff served a notice on Mr. Barckley, as treasurer, demanding possession of the certificate, and also demanding its value, being the sum of $250. The certificate has not been in possession of the county treasurer since November 1, 1897. The rebate has not been paid to anybody. It appears that on or about December 8, 1897, the state commissioner sent to the office of the county treasurer orders for the payment of the rebate, payable to the receiver, but they were on the same day recalled.

The certificate in question came into the possession of Barckley, as county treasurer, on November 1, 1897. It was surrendered to him in due form by the representative of the party to whom it was issued, and a surrender statement or receipt given to the person who, upon the face of the papers, was entitled to it. The county treasurer, prior to the surrender, had no notice of the claim of plaintiff. If the county treasurer, before any such notice, transmitted the certificate to the state superintendent, I fail to see upon what basis the county treasurer can be liable for its conversion. Under the statute (section 25), it was the duty of the county treasurer, upon the surrender of the certificate and the presentment of a petition in due form, to compute the amount of the rebate, execute duplicate receipts or statements in certain form, deliver one of such receipts to the person entitled to receive the rebate, and immediately transmit the other, together with the surrendered certificate and the petition, for cancellation to the state commissioner. If, within 30 days thereafter no proceedings are instituted leading to a forfeiture of the rebate, the state commissioner is then required to prepare two orders for the payment of the rebate, —one order for the one-third thereof, directed to the state treasurer, and one order for the two-thirds thereof, directed to the fiscal officer of the proper locality, in this case the city of Albany,—and transmit such orders to the officer who issued the canceled certificate, to be delivered to the holder of the duplicate receipt upon the surrender of such receipt, which receipt should be immediately transmitted to the

state commissioner.   The canceled certificate is not returned to the county treasurer, nor is the money in his hands with which to pay the rebate.   He is simply to deliver the orders issued by the state commissioner.   In this view of the case, the defendant the county treasurer was, at least, entitled to go to the jury on the question whether he transmitted the certificate to the state commissioner before he had any notice of the plaintiff's claim.   If he did, he did not have it in his possession when the demand was made.   He had before that time lawfully received it, and lawfully parted with its possession, and would not be liable for its conversion.

The plaintiff, under the power of attorney or instrument of April 26, 1897, had a right at any time to enter upon the premises of Seeney, and take the tax certificate.   It is evident that the instrument above referred to was given as a security for the money loaned by plaintiff to enable Seeney to obtain the license.   The plaintiff, under the facts appearing in the case, as between it and the receiver, had an equitable claim upon the certificate, and any rebate thereon, and the receiver took subject to such claim.   Niles v. Mathusa, 20 App. Div. 483, 47 N. Y. Supp. 38; Koehler v. Flebbe, 21 App. Div. 210, 47 N. Y. Supp. 369; In re Jenney, 19 Misc. Rep. 244, 44 N. Y. Supp. 84, affirmed in 19 App. Div. 627, 46 N. Y. Supp. 1094.   The plaintiff did not, however, take possession of the certificate, as it might have done, but allowed it to remain upon the promise of Seeney to deliver it on the 31st of October, to be then surrendered.   In the meantime the receiver was appointed, took possession of the certificate, and on November 1st surrendered it to the county treasurer in due form, and demanded payment of the rebate.   This was done prior to the time the agent of the plaintiff claims to have given the county treasurer notice of plaintiff's claim.   The agent testifies that about noon he was at the county treasurer's office; saw Mr. Bender, the deputy county treasurer; told him that he had learned that A. Page Smith had surrendered a liquor-tax certificate issued to Seeney; and that he then told him that the plaintiff had an assignment of the license, and showed him the instrument of April 26, 1897.   Mr. Bender testifies that no such occurrence took place on November 1st, but that it was several days afterwards, and after all the papers had been transmitted to the state commissioner.   From the evidence on the part of the plaintiff, it may be inferred that the surrender statement was delivered by the county treasurer to the receiver before the agent of the plaintiff saw the deputy.   The plaintiff does not seem to have ever claimed that it desired to use the certificate except for the purpose of obtaining the rebate.   It is not apparent that the county treasurer has ever done anything to deprive him of that right.   The rebate has not been paid or the orders for that purpose delivered.   It seems to me that, upon the undisputed facts in this case, the county treasurer and the excise department had a right to consider the surrender of the certificate operative, and, if so, that the county treasurer was not liable for its conversion.   The trial court erred, I think, in holding that the defendant Barckley, as county treasurer or individually, was liable for the conversion of the certificate in question.   It follows that a new trial should be granted.

No judgment was directed as to the defendant Smith, receiver, etc. and the judgment appealed from contains no determination as to his rights. His motion for a direction of a verdict in his favor was denied, as also his motion to dismiss the complaint. The reeciver was evidently brought in as a party defendant for the purpose of having a final determination as to the ownership of the certificate or rebate. It may be that upon a new trial that purpose may be accomplished. If the pleadings need to be amended, that is a question for the court below to consider.

The plaintiff, in his law action as originally commenced, was probably not obliged to bring in other defendants. Chapman v. Forbes. 123 N. Y. 532, 26 N. E. 3. Having done so voluntarily, it may be that the court had the power to adjust the rights of all parties. Derham v. Lee, 87 N. Y. 599. That question, however, need not here be determined. The defendant receiver will have the benefit of the new trial, where, it is to be assumed, all his rights will be protected.

It is urged by the defendants that the action is not maintainable. because it is against Barckley, "as treasurer of Albany county." Those words may be deemed descriptive of his position, and, if the cause of action alleged and proved is personal against him, they might be disregarded. Lehman v. Koch, 9 N. Y. Supp. 302; Berford v. Barnes, 45 Hun, 253; Tighe v. Pope, 16 Hun, 180; 1 Enc. Pl. & Prac. 540. It is not apparent how the county of Albany would be bound or affected by the judgment. None of its moneys were applicable to this claim, or were in the hands of the treasurer for that purpose. The action was not against the county (County Law, § 3; chapter 686, Laws 1892); and the use of the words, "as treasurer," etc., is not, we think, necessarily fatal to the action.

Judgment and orders reversed, and new trial granted, costs to abide the event. All concur.