In re LYMAN.

(Supreme Court, Appellate Division, Second Department.    July 9, 1900.)

1. INTOXICATING LIQUORS—CERTIFICATE—REVOCATION—ORDER TO SHOW CAUSE
—ADJOURNMENT—JURISDICTION.

Under Liquor Tax Law, § 28, subd. 2, which provides that, on petition for the revocation of a liquor tax certificate, the court shall grant an order requiring the holder of such certificate to appear before it on a day specified therein, not more than 10 days after the granting thereof, where a certificate issued to M. was assigned to the defendant, and an order to show cause why it should not be revoked was made returnable on January 6th, and was then adjourned to January 16th, and subsequently an ex parte order was granted extending the return day of the original order to January 16th, the court did not thereby lose jurisdiction of the proceedings, since the postponement without objection on the part of the defendant was equivalent to a new order to show cause on January 16th.

2. LIQUOR TAX CERTIFICATE—ASSIGNMENT—REVOCATION—SERVICE ON ASSIGNOR
—NECESSITY.

Under Liquor Tax Law, § 28, subd. 2, which provides that, on petition for an order to revoke a liquor tax certificate, a copy of such petition and order shall be served on the holder of the certificate not less than five days before the return day thereof, where a certificate issued to M. was assigned to defendant an objection to the proceedings on the ground that M. was not served with the petition and order was not well taken, since M., having disposed of his right to the certificate, was not a necessary party.

Appeal from special term, Kings county.

Petition by Henry H. Lyman, state commissioner of excise, for an order revoking a liquor tax certificate issued to Edward Maloney. From an order revoking the certificate, the Congress Brewing Company appeals.    Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Everett Caldwell, for appellant.
Herbert H. Kellogg, for respondent.

WOODWARD, J.    On the 28th day of October, 1898, liquor tax certificate No. 10,351 was issued to Edward Maloney, of the borough of Brooklyn, and simultaneously with the issuing of said certificate Mr. Maloney made an assignment of the same to the Congress Brewing Company, Limited, as security for the repayment of the money advanced by the brewing company for the procuring of the license.    On or about the 25th day of November, 1898, the brewing company took possession of the said liquor tax certificate, and, under the power of attorney embodied in the written assignment, on the 30th day of November petitioned the state commissioner of excise for a surrender and cancellation of the liquor tax certificate, and for the rebate provided by section 25 of the liquor tax law.    This section provides for the repayment of a portion of the tax under certain regulations, after the voluntary surrender of the certificate, and among the conditions is the provision that "if, within thirty days from the date of the receipt of such certificate by the state commissioner of excise, the person surrendering such certificate shall be arrested or indicted for a violation of the liquor tax law, or proceedings shall be instituted for the

cancellation of such certificate, or an action shall be commenced against him for penalties, such petition shall not be granted until the final determination of such proceedings or action," and the rights of the party surrendering the certificate are to be determined by the result of such proceedings or action. On the 27th day of December, 1898, this proceeding for the revocation and cancellation of the certificate was begun by the respondent, Henry H. Lyman, state commissioner of excise, and the proceeding was based upon the allegations that Edward Maloney continued to traffic in liquor after the certificate had been surrendered. Upon the petition of Henry H. Lyman, an order to show cause was granted on the 27th day of December, 1898, returnable on the 6th day of January, 1899, at a special term of the supreme court; requiring Edward Maloney, the Congress Brewing Company, and Harry W. Michell, the officer who issued the certificate, to show cause why an order should not be granted revoking and canceling the said liquor tax certificate. On the return day Edward Maloney did not appear. Harry W. Michell appeared and answered, joining in the prayer of the petition, and the Congress Brewing Company appeared by counsel. The petitioner applied for an adjournment until the 16th day of January, 1899, on the ground that Edward Maloney had not been served, and the motion was adjourned until that date. Subsequently an ex parte order was granted by a justice of this court, extending the return day of the original order to show cause to January 16, 1899, the same day to which the motion was adjourned; and upon the latter date counsel for the appellant, the Congress Brewing Company, appeared, and raised the preliminary objection that the court had lost jurisdiction in the proceeding, on account of the return day of the order to show cause having been extended so as to make it returnable more than 10 days from the granting thereof, and this is the question presented on this appeal, the statute requiring that the order to show cause shall be made returnable on a day specified therein, not more than 10 days after the granting thereof. The court reserved decision upon the objection until the coming in of the referee's report, and granted an order of reference. A hearing was had before a referee, the evidence clearly establishing the facts set forth in the petition, and on the motion made upon the report of the referee the order appealed from, canceling and revoking the liquor tax certificate, was granted.

The only question raised by this appeal is that of the jurisdiction of the court, and upon this point we are of opinion that the appellant's contention is without merit. While the original order to show cause was directed to be served upon Edward Maloney, it is not clear that such service was necessary under the statute, or that any injustice resulted by reason of his failure to appear in the proceeding. There is no doubt that Mr. Maloney could sell and assign his interest in the liquor tax certificate in question either absolutely or in the way of security for the money advanced by the brewing company (Niles v. Mathusa, 20 App. Div. 483, 47 N. Y. Supp. 38), and it is not disputed that the brewing company reduced the certificate to possession under the provisions of the assignment made by Mr. Maloney for the purpose of surrendering the same, and recovering the amount of the rebate al-

lowed by law. It cannot be doubted that the liquor tax certificate conferred upon Mr. Maloney a property right (Niles v. Mathusa, supra), and that the assignment to the brewing company, coupled with the actual possession of the certificate, gave to the appellant all of the rights of property which Mr. Maloney had in the certificate. To quote the language of the court in the Niles Case:

"Although, to enable the latter as an assignee to carry on the business under the certificate, it was necessary for it to obtain the consent of the officer who issued the same, yet the assignment must necessarily precede such consent. And if such consent to an assignment was necessary when, as in this case, the assignee merely desired to surrender the certificate and recover the cash value thereof, as we have seen, it could not be arbitrarily refused, but, under the provisions of section 28, the officer who issued the same could be compelled to grant it."

This being true, the brewing company was the absolute owner of the liquor tax certificate now under consideration, and subdivision 2 of section 28 of the liquor tax law provides that, upon the presentation of a petition for the revocation and cancellation of a liquor tax certificate, "the justice or court shall grant an order requiring the holder of such certificate, and the officer who granted the same, or his successors in office, to appear before him, or before a special term of the supreme court of the judicial district, on a day specified therein, not more than ten days after the granting thereof"; and that "a copy of such petition and order shall be served upon the holder of such certificate, and the officer granting the same, or his successor in office, in the manner directed by such order, not less than five days before the return day thereof." The brewing company, as the owner of all of the property rights in this certificate, was served with the order to show cause; and if it was not the "holder" of this certificate, within the meaning of the statute, who was? Mr. Maloney was not the "holder." He not only had no property in the certificate, but it had actually passed from his possession into the hands of the brewing company, whose right to the rebate depended upon the conditions prescribed by the statute. If Mr. Maloney had any rights in the premises, they are not such as relate to the property in this certificate, and he is not in court asking for any relief. The object of the statute was to give notice to persons having an interest in the certificate, and, as the brewing company was the owner of all the property rights in the certificate, service of the order upon the brewing company was sufficient to place upon it the duty of protecting its rights in the proceeding by showing cause why the certificate should not be revoked and canceled. There is no dispute that Mr. Maloney sold liquor after the liquor tax certificate was removed from his place of business by the appellant under authority of the assignment, and, as the right to a rebate depends upon the conduct of the party to whom the certificate is granted during a specified time, there is no good reason why the order appealed from should be disturbed because a party having no interest in the certificate was not served with the order in time for the appearance in common with the brewing company and the officer granting the certificate.

But, were it necessary that Mr. Maloney be served with the order, there is no reason why this court should hold that the liquor tax

law contemplated any unreasonable rules of practice in connection with the administration of the law. The order to show cause was directed to be served upon Mr. Maloney in common with the other parties, but from the affidavit of George B. Buttling it appears that a diligent search failed to discover his whereabouts up to the day fixed for the return of the order, on the 6th of January, 1899. On this date, and because of the failure to serve Mr. Maloney, the matter was adjourned until the 16th day of January. Subsequently an order of the court was made directing the service of the order by mailing it to the last-known address of Mr. Maloney, and the original order to show cause was extended to the 16th day of January. This placed the return day more than 10 days from the date of the original order, but not more than 10 days from the granting of the substituted order; and as all of the parties in interest were before the court on the 6th day of January, 1899, with the possible exception of Mr. Maloney, and made no objection to the postponement of the matter, it is not clear what right they have to interpose objections in behalf of Mr. Maloney, who does not appear to have been aggrieved by the order appealed from. The postponement in the presence of the appellant's attorney, without objection, was equivalent to a new order to show cause returnable on the 16th day of January, in so far as the appellant is concerned, and the service of the extended order, by mailing the same with the papers to the last-known address of Mr. Maloney, was, in so far as he is concerned, a new order, returnable within 10 days. The fact that it was not served "not less than five days before the return day thereof," as required by the statute, while available to Mr. Maloney perhaps, is, under the circumstances of this case, insufficient to justify relief to the appellant, which makes no suggestion that the result of the proceeding would have been any more favorable to it had Mr. Maloney been brought into the jurisdiction of the court.

The order appealed from should be affirmed, with costs. All concur.