MICHAEL W. SHAW, Appellant, v. GEORGE E. COCK, AS TREASURER, ETC., Respondent.

The provision of the Code of Procedure (Old Code, § 99, sub. 2), declaring that an action shall be deemed commenced, within the meaning of the statute of limitations, when the summons is delivered to the sheriff or other officer with intent that it shall actually be served, applied only to defendants who were parties to the action at the time of such delivery, or who were made parties before the statute had run against the claim upon which the action was brought. Such delivery of the summons did not prevent the running of the statute in favor of persons who, although liable upon the obligation sued upon, were not named as defendants in the summons; and it is immaterial whether the omission was by design or through ignorance, mistake or inadvertence.

So, also, where by order amending the summons a new party defendant was brought in, the suit was only commenced as to him when thus brought in; and if between the time of the commencement of the action as to the original parties, and the time when the new defendant was brought in, the period of limitation had expired, a plea of the statute in bar of his liability is good.

Plaintiff had a cause of action against the "Butterfield Overland Dispatch," a joint-stock association. On August 8, 1872, he delivered a summons to the sheriff, with intent that it should be served, entitled in an action in his favor against C. and seven individual defendants, and the "Overland Dispatch Company," another joint-stock association. The summons was not served upon any of the defendants until the statute

of limitations had run against said cause of action. It was thereafter served upon C. Certain attorneys appeared in the action for C. and others of the individual defendants named, and for the association named. Thereafter an order was made, on motion and notice to the attorneys so appearing, amending the summons so as to make the title of the action one in favor of plaintiff against C., " as treasurer of Butterfield's Overland Dispatch." This order with a copy of the complaint, entitled in the same manner, was served on said attorneys ; the amended summons was not served on any one. Said attorneys appeared for the new defendant and answered, setting up the statute of limitations. *Held,* that the statute was a bar.

(Argued June 13, 1879 ; decided September 17, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, reversing a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury. (Reported below, 12 Hun, 173.)

This action was brought to collect the agreed freight on certain articles of machinery and merchandise from the city of Atchison to Bannock City and Virginia City, in the Territory of Montana. The defendant pleaded the statute of limitations in bar.

The plaintiff is the assignee of one Trivett, who contracted to carry the freight. The contract was made on the 28th day of September, 1865, and the delivery of the goods was completed on the 13th day of September, 1866.

The further facts pertinent to the questions discussed are sufficiently stated in the opinion.

*R. P. Marvin,* for appellant. The Special Term had power to make the order of October 6, 1873, amending the summons and proceedings, and plaintiff's claim was saved from being barred by the statute of limitations. (Code, §§ 139, 173, 175 ; *Bk. of Havana* v. *Magee,* 20 N. Y., 355, 361; *Barnes* v. *Perine,* 9 Barb., 202; *McElwain* v. *Corning,* 12 Abb. Pr., 16; *Mors* v. *Stanton,* 51 N. Y., 649; *Getty* v. *Spaulding,* 58 id., 637.)

*Joshua M. Van Cott*, for respondent. The order amending the summons, etc., did not estop defendant from pleading the statute of limitations. (*Davies* v. *Mayor*, *etc.*, 14 N. Y., 527.)

Andrews, J. The cause of action accrued on the 13th of September, 1866, upon the delivery by Trivett to the consignees in Montana Territory, of the machinery and merchandize pursuant to his contract with the defendant, made on the 28th of September, 1865. The cause of action was barred by the statute of limitations on or before the 14th of September, 1872, unless saved by the delivery to the sheriff of the city and county of New York on the 8th of August, 1872, of a summons with an intent that the same should be served, entitled in an action in favor of the plaintiff, against George E. Cock and seven other individuals named, and the Overland Dispatch Company. There was no actual service of the summons upon any of the defendants named therein within the six years, and no service of the same at any time upon any of the defendants except George E. Cock, who was served July 29th, 1873. Messrs. Van Cott & Winslow, in August, 1873, appeared as attorneys in the action for the defendant Cock and other of the individual defendants named in the summons, and also for "The Overland Dispatch Company," and demanded a copy of the complaint. Thereafter, on the 6th of October, 1873, an order was made at Special Term on motion of the plaintiff, on notice to the attorneys who had appeared in the action, striking out of the summons the names of all the individual defendants, and changing it in other respects so as to make the title of the action "Michael Shaw v. George E. Cock, as Treasurer of Butterfield's Overland Dispatch." By this transmutation the action, instead of being one in favor of the plaintiff against "The Overland Dispatch Company," and eight individual defendants, became an action against a sole defendant not named in the original summons. The amended summons was not served on any one. The order

of October 6th, 1873, was served on the attorneys who had appeared for the original defendants, and also a copy of the complaint entitled in the action as it then stood under the order of the Special Term. The same attorneys who originally appeared then appeared for the present defendant, and served an answer setting up, among other defenses, the statute of limitations. It is claimed that the case is within section ninety-nine of the Code, and that the defense of the statute is unavailing for the reason that the delivery of the summons to the sheriff to be served on the 8th of August, 1872, was, in respect to the defense of the statute, equivalent to the commencement of an action against the defendant on that day.

It is plain from the language of section ninety-nine that it only applies to defendants who are parties to the action constructively commenced by the delivery of the summons to the sheriff at the time of such delivery, or who are made parties before the statute has run against the claim upon which the action is brought. The delivery of a summons to the sheriff will not prevent the running of the statute in favor of persons who, although they may be liable upon the obligations upon which the action is brought, are not named as defendants in the summons, and it can make no difference whether the omission was by design or through ignorance, mistake or inadvertence. The commencement of an action against A. upon a cause of action against B. will not arrest the running of the statute against the latter. Where several persons are jointly liable upon contract or otherwise and a suit is brought against a part only of the persons so liable, the court has power under section 173 of the Code to amend the process, pleadings or proceedings by bringing in the omitted parties, but the suit is only commenced as to such new parties when they are brought in by the amendment. If, between the time of the commencement of the suit and the time when the new parties are brought in, the period of limitation has expired, they may plead the statute in bar of their liability, although the defense may

not be available to the original defendants. It would be unreasonable in such case to construe the amendment as relating to the time of the commencement of the action so as to deprive new parties of the defense of the statute and their right to plead it is saved without any express reservation in the order of amendment. By section ninety-nine service of the summons on one defendant is the commencement of the action as to each defendant who is a joint contractor or otherwise united in interest with him and prevents the running of the limitation thereafter against all the defendants named in the summons who stand in the relation mentioned to the defendant served. The question whether the defense of the statute of limitations pleaded by "Butterfield's Overland Dispatch" to the plaintiff's claim in this action was a good answer thereto turns upon the inquiry whether that company was a party to the action constructively commenced by the delivery to the sheriff on the 8th of August, 1872, of the summons against the "Overland Dispatch Company" and the eight individuals named therein. It may be assumed from the extrinsic facts, that the plaintiff intended to sue the parties liable on the contract made between the plaintiff's assignor, Trivett, and "Butterfield's Overland Dispatch" on the 28th of September, 1865. That company was a joint-stock company organized under that name in pursuance of the laws of this State and having its chief office and place of business in the city of New York. "Butterfield's Overland Dispatch" was not named as defendant in the summons, and there was nothing upon the face of the summons to indicate that the suit had any relation to the contract with Trivett, and no complaint had then been filed setting forth the cause of action. "The Overland Dispatch Company," named in the summons represented a distinct legal entity. A joint stock company had been organized under that name in January, 1866, also having its chief place of business in the city of New York. Most of the individuals who were members of "Butterfield's Overland Dispatch" were also members of "The

Overland Dispatch Company," and the latter company was organized to carry on business of the same general nature as that carried on by " Butterfield's Overland Dispatch." The plaintiff in his summons designated " The Overland Dispatch Company " as defendant. The real party to the contract sued upon was " Butterfield's Overland Dispatch," but that company was not named. It is said that the name of " The Overland Dispatch Company " was inserted by mistake. Assuming this to be true, it does not avoid the difficulty. The suit was constructively commenced only against the parties who were named as defendants. It is not a case of mere misnomer. It is more like the case of a suit brought against one corporation upon a demand existing against another. The fact that this was by mistake, and that the real intention was to sue the corporation liable, would not, I apprehend, be a ground for holding that the delivery of a summons to the sheriff entitled against the wrong corporation, was the commencement of a suit, within section ninety-nine of the Code, against the real party to the obligation.

I am of opinion that the suit in this case was not commenced against " Butterfield's Overland Dispatch " until that company was brought in under the order of October 6th, 1873. It is not necessary to consider whether this order was within the authority conferred by section 173 of the Code. The defendant subsequently appeared and answered and litigated the case upon the merits. But it stood as a party to the action only from the time it was brought in by the amendment, and the defense of the statute was a good answer to the cause of action. Section 175 of the Code has no application to the question here presented. There are no facts bringing it within its provisions.

These views lead to an affirmance of the order of the General Term, and judgment absolute for defendant on stipulation.

All concur.

Order affirmed, and judgment accordingly.