This action and another known as the Kinsey ease, brought under the statute to enforce the statutory liability of stockholders to creditors have been consolidated.
*232 Yery elaborate briefs have been filed pro and con upon this submission of the ease. I will not undertake to do much more than state my conclusions, in view of the very thorough and exhaustive discussion of the questions raised, as to do so would be but repetition of the arguments which are contained in the briefs and upon which my conclusions are founded.
In the first place, it is conceded by counsel for plaintiff in their brief that the statute of limitations began to run in favor of the stockholders at the date of the appointment of a receiver by the United States Court, which was on the 2d day of June, 1897. Whether or not it can be considered to have commenced tc run in their favor prior to that date under the averments of the petitions in this joint action, it is not necessary to consider, as, for the purposes of these demurrers, all the questions raised are as well presented by accepting this date as the earlier one.
The main question presented is this: Does the commencement of a suit to enforce the stockholders’ liability stop the 'running of the statute of limitations against stockholders not made defendants until more than six years have elapsed from the time when the right of action accrued? And that question I have concluded must be answered in the negative, and that stockholders who are brought in by summons issued after more than six years have elapsed from the time when the cause of action accrued may plead the statute of limitations as a defense.
As I have said, I will not undertake to go into an elaborate argument in support of this conclusion, as it is based upon what seems to be the unanswerable argument of the distinguished counsel for the demurrants.
It is claimed that under the terms of Section 4987, Revised Statutes, the statute of limitations is tolled as to these demurring defendants. That section provides that “an action shall be deemed commenced within the meaning of this chapter as to each defendant at the date of the summons which is served on him or on a co-defendant who is a joint contractor or otherwise united in interest with him. ” It is claimed that even if it be admitted that the stockholders as to this liability are not jointly liable, yet that they are at least otherwise united in in *233 terest, and a very plausible argument is made in support of this contention; but even if it be admitted that they are otherwise united in interest, the statute only applies to defendants to the action.
The language of the statute is: “An action shall be deemed commenced as to each defendant at the date of the summons which is served on him or on a co-defendant.” Manifestly these demurrants did not become defendants until they were named in the petition or some amendment or supplement thereto. But as to those who were not named in any pleading until the lapse of more than six years from June 2, 1897, I think the statute will not avail to save the claim from the bar of the statute of limitations. '
This exact question was before the court of appeals of the state of New York in the case of Shaw v. Cook, Treasurer, 78 N. Y., 194-197; the court there construed a statute identically with our statute 4987. It was there held that:
“The provisions of the code of procedure declaring that an action shall be deemed commenced within the meaning of the statute of limitations when summons is delivered to the sheriff or other officer with intent that it shall actually be served, applied only to defendants who were parties at the time of such delivery or who were made parties before the statute had run against the claim upon which the action was brought. Such delivery of the summons did not prevent the running of the statute in favor of persons who, although liable upon the obligations sued upon, were not named as defendants in the summons ; and it is immaterial whether the omission was by design or through ignorance, mistake or inadvertence. So also, where, by order amending the summons, a new party defendant was brought in, the suit was only commenced as to him when thus brought in; and if between the -time of the commencement of the action as to the original parties and the time when the new defendant was brought in the period of limitation had expired, a plea of the statute in bar of his liability is good. ’ ’
In the opinion it is said by Andrews, J.:
“Where several persons are jointly liable upon contract or otherwise, and the suit is brought against a part only of the persons so liable, the court is barred, under Section 173 of the *234 code, to amend the process, pleadings or proceedings by bringing in the omitted parties, bnt the suit is only commenced as to such new parties when they are brought in by amendment. If, between the time of the commencement of the suit and the time when the new parties are brought in, the period of limitation has expired, they may plead the statute in bar of their liability, although the defense may not be available to the original defendants. By Section 99 service by summons on one defendant is a commencement of the action as to a defendant who is a joint contractor or otherwise united in interest with him, and prevents the running of the limitation thereof against all the defendants named in the summons who stand in the relation mentioned to the defendant served.” Cited with approval in 89 N. Y., 22; 120 N. Y., 652.
It seems to me also that the decision of the Supreme Court in this state in the case of Buckingham v. The Commercial Bank, 21 O. S., 131, involves a recognition of the same principle.
Even if it be conceded, therefore, that there is a unity of interest between stockholders as to this statutory liability, in my opinion to save the claim from the bar of the statute, it was necessary to have made these demurring defendants parties by naming them and having summ ons.issued within six years from the time when the cause of action accrued; and as to all the demurring defendants in that class, and for that reason the demurrers should be sustained.
This seems to include and cover the cases of all the demurring defendants, except G. C. Hoover, who was served with summons within six years from the time when the action accrued, and this is conceded, and the demurrer must be overrruled as to him.
Some other questions have been made as to certain of these demurring defendants, but in my opinion they have been conclusively answered by counsel for the demurring defendants.
As to the defendant Watson, the question that he is a nonresident can not be raised by demurrer, upon the authorities cited by his counsel.
As to Sinks, attorney, if it be conceded that the word attorney is only descriptio personae, yet it seems to me that this additional claim is the assertion of a new cause of action against *235 him individually. I am not able to distinguish it from the case of Hills v. Ludwig, 46 O. S., 373, where the Supreme Court of this state held that where the plaintiff in a real action omits to describe in his petition all the lands detained from him by the defendant, he can not, by an amendment to his petition made after the statute of limitations has run as to the land omitted, include such omitted land and have the amendment relate to the filing of the petition so as to defeat the plea of the statute as to the lands brought in by the amendment.
T. E. Powell, for plaintiff.
G. 8. Peters, W. 0. Henderson, J. E. Sater, L. G. Addison, for defendants.
I think it is also true that the assertion of a claim as in the case of G. C. Hoover, as a member of the firm of Steams & Hoover, was clearly the statement of a new cause of action, and that the bar of the statute having become effective before the same was asserted, that the plea of the statute of limitations is good. And that is true as to all those who, having been brought in as a defendant in one capacity, are, after the statute has run, brought in in another capacity.
I have not undertaken to name the defendants and apply the ruling to each one, but suffice it to say that upon these principles I am clearly of the opinion that the demurrers of all these demurring defendants, except that of G. C. Hoover, are well taken, and should be sustained.
The demurrers of the defendants in the ease of The Dayton Manufacturing Company v. The C., S. & H. Ry. Co. et al, raised the same questions as above, and are decided upon the same considerations, in favor of demurrants. The only difference between the two cases is that in this case the statute began to run in favor of the demurrants somewhat earlier, as it is averred in the petition that on June 28, 1895, the defendant corporation became and was totally insolvent and was at that time and for the reason that it was insolvent placed in the hands of a re *236 ceiver by the Court of Common Pleas of Crawford County, Ohio. The statute would, therefore, begin to run from that date in favor of the stockholders named in this cause.
T. E. Powell, Stewart & Stewart and 'F. C. Rector, for plaintiff.
R. A. Harrison, Rogers & Rogers and G. S. Peters, for defendants.
Mr. Rector: There are certain questions raised there, Your Honor, with regard to stockholders who demurred but who have within the six years come in and filed answers and cross-petitions. I did not observe any ruling as to that.
The Court: Well, I did consider that somewhat; I don’t know that I did mention that in my opinion here, but I do not believe that is available so as to make them defendants in the action and so as to toll the statute against them in that capacity as parties defendant. I think the answer made by counsel for the demurrants upon that point is also a conclusive answer.