### LIMBERT v. JOLINE et al.

#### (Supreme Court, Appellate Term.   April 8, 1909.)

PARTIES (§ 95*)—AMENDMENT—CAPACITY OF PARTIES.

> Under Code Civ. Proc. § 723, providing that where an action is commenced by proper service, and there is some defect in the name or designation, a suitable amendment may be made, where a summons and complaint has been properly served, the court had power to permit an amendment correcting a mistake in the capacity in which defendants were sued, so as to show that it was intended to sue them in their capacity as receivers of a railroad company of which they were receivers, and not as receivers of a corporation concerning the property of which they had been previously discharged.

> [Ed. Note.—For other cases, see Parties, Cent. Dig. § 165; Dec. Dig. § 95.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Jessie Limbert against Adrian H. Joline and another, as receivers of the Metropolitan Street Railway Company. From a Municipal Court judgment for plaintiff, defendants appeal.   Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Anthony J. Ernest, for appellants.
Millard H. Ellison, for respondent.

LEHMAN, J.   Under the authority of Boyd v. U. S. Mortgage & Trust Co., 187 N. Y. 262, 79 N. E. 999, 9 L. R. A. (N. S.) 399, 116 Am. St. Rep. 599, the trial justice seems to have had the power to permit an amendment of the summons and complaint herein.   Adrian H. Joline and Douglas Robinson, as receivers of the New York City Railway Company, are different persons, in the contemplation of the law, from Adrian H. Joline and Douglas Robinson, as receivers of the Metropolitan Street Railway Company; but persons sued in their "official or representative capacity are, in contemplation of law," also "distinct persons" (Leonard v. Pierce, 182 N. Y. 431, 432, 75 N. E. 313, 1 L. R. A. [N. S.] 161); and yet, in Boyd v. U. S. Mortgage & Trust Co., the court held (187 N. Y. 266, 79 N. E. 1000, 9 L. R. A. [N. S.] 399, 116 Am. St. Rep. 599) that:

> "The power of the court to permit an amendment of the summons and complaint, so as to show that the defendant is sued individually, instead of being sued in a representative capacity, is hardly open to serious question."

The court further held that the result of such an amendment was not to bring in a new party, but to change the name of the party already in court (see 187 N. Y. 271, 272, 79 N. E. 999, 9 L. R. A. [N. S.] 399, 116 Am. St. Rep. 599).   See, also, the opinion of the Appellate Division in the same case (94 App. Div. 413, 416, 88 N. Y. Supp. 289, 291):

> "The distinction to be noted between the two lines of cases is that in the one the person or corporation sought to be retained as a party has been served with summons or process, whereas, in the other class, it is proposed to bring in a new party and to have the original service on another person

or corporation considered as though it had been actually served upon the real party. Where an action has been commenced by proper service, as in this case, upon the party sought to be held, and there is some defect in the name or designation, the Code expressly provides that a suitable amendment may be made (Code Civ. Proc. § 723)."

In the case at bar it appears that Adrian H. Joline and Douglas Robinson were served, being described as receivers of the New York City Railway. They were apprised by the complaint of the nature of the cause of action and that they were wrongly described therein. They knew that the designation was incorrect, and when they came into court their attorney expressly disclaimed surprise when an amendment was asked designating them as receivers of the Metropolitan Street Railway Company. The conclusion is irresistible that at all times Adrian H. Joline and Douglas Robinson, as receivers of the Metropolitan Street Railway Company, were parties to this action, although they were not correctly described.

Stuyvesant v. Woil, 167 N. Y. 421, 60 N. E. 738, 52 L. R. A. 562 (see, also, same case in 41 App. Div. 551, 58 N. Y. Supp. 697), is authority for the proposition that, where the right person has been served with process, the provisions of the Code, supported by numerous decisions, uphold the right to exercise such power in the most liberal way by permitting amendment in the name or names of the parties or in any other way required for furtherance of justice. This case is a much plainer case than Boyd v. U. S. Mortgage & Trust Co., supra, because, when these receivers were served, there were no such legal persons in existence as Joline and Robinson, as receivers of the New York City Railway Company. They had been discharged as such receivers two months before.

Judgment affirmed, with costs. All concur.