## JOHNSON v. PHŒNIX BRIDGE CO.

(Supreme Court, Appellate Division, Fourth Department.   July 6, 1909.)

1. DEATH (§ 35*)—RIGHT OF ACTION—FOREIGN STATUTE.
    Where a right of action for wrongful death is conferred by the statute of a foreign country, which statute is similar to that of this state, an action for death occurring by the negligence of defendant in such foreign country is maintainable in this state, though the foreign statute controls, except in mere matters of procedure.
    [Ed. Note.—For other cases, see Death, Cent. Dig. § 50; Dec. Dig. § 35.*]

2. DEATH (§ 38*)—RIGHT OF ACTION—TIME LIMIT—STATUTES.
    A statute permitting an action for wrongful death to be brought only within a year after the death makes the year within which the action may be brought a limitation on the liability of defendant, constituting an integral part of the cause of action and a condition precedent to its maintenance, and does not merely affect the remedy.
    [Ed. Note.—For other cases, see Death, Cent. Dig. § 53; Dec. Dig. § 38.*]

3. PLEADING (§ 248*)—AMENDMENTS.
    Under Code Civ. Proc. § 723, providing for amendments to the summons or pleadings in furtherance of justice, where an amendment does not change substantially the claim or defense, an amendment will not be granted where a new cause of action is stated, or where the right of the opposing party will be materially affected to his detriment.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 686; Dec. Dig. § 248.*]

4. EXECUTORS AND ADMINISTRATORS (§ 427*)—ACTIONS—PERSONAL OR REPRESENTATIVE CAPACITY.
    An action by one in the capacity of administrator is distinct in personality from one by an individual.
    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1666; Dec. Dig. § 427.*]

5. DEATH (§ 44*)—SUBSTITUTION—WHO MAY BE SUBSTITUTED.
    Where a statute gave a right of action for wrongful death only to the consort and descendant and ascendant relations of deceased, and plaintiff, in an action for death of her husband, sued as administratrix of his estate, an amendment to the summons and complaint by striking out words showing that the action was commenced by plaintiff as administratrix, and making it appear that the action was brought by her individually and as guardian ad litem for her children, etc., was improper; a different

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs: 1907 to date. & Rep'r Indexes

cause of action being substituted, an action by one as administrator being in a capacity distinct from one as an individual.

[Ed. Note.—For other cases, see Death, Dec. Dig. § 44.*]

Williams and Kruse, JJ., dissenting.

Appeal from Special Term, Erie County.

Action by Mary E. Johnson, as administratrix, etc., against the Phœnix Bridge Company. From an order directing the amendment of the summons and complaint, defendant appeals. Reversed, and motion to amend denied.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Daniel J. Kenefick, for appellant.

Edwin L. Dolson, for respondent.

SPRING, J. The defendant is a foreign corporation, and in the summer of 1907 was engaged in the construction of a bridge across the St. Lawrence river, in the province of Quebec, Canada. On the 29th day of August, 1907, the bridge collapsed, and John E. Johnson, an employé of said corporation, with many other fellow workmen, was killed in the catastrophe. The decedent, who died intestate, residing in the city of Buffalo, left him surviving his widow, Mary E. Johnson, a father, and two infant children. Letters of administration were issued to the plaintiff by the Surrogate's Court of Erie county, and she commenced this action in her representative capacity in March, 1908, charging the defendant with negligence in causing the death of her husband.

A right of action founded on the negligence of the defendant is conferred by the statutes of the province of Quebec, similar to that permitted in our own state, so that the action is maintainable here. Wooden v. W. N. Y. & P. R. R. Co., 126 N. Y. 10, 26 N. E. 1050, 13 L. R. A. 458, 22 Am. St. Rep. 803. The foreign statute controls, however, except in mere matters of procedure. Kiefer v. Grank Trunk Ry. Co., 12 App. Div. 28, 42 N. Y. Supp. 171, affirmed 153 N. Y. 688, 48 N. E. 1105.

The complaint, after setting out the facts upon which the liability of the defendant is based, alleged that the intestate left a widow and two children as his next of kin, the appointment of the wife as administratrix, that she is plaintiff in that capacity, and that she and the children "were dependent upon the said deceased for their support." The complaint contains the provisions of the Civil Code of the province of Quebec, showing the existence of a statute similar to our own, conferring a right of action for negligence, and the following is quoted literally:

"In all cases where the person injured by the commission of an offence or a quasi-offence dies in consequence, without having obtained indemnity or satisfaction, his consort and his ascendant and descendant relations have a right, but only within a year after his death, to recover from the person who committed the offence or quasi-offence, or his representatives, all damages occasioned by such death. In all cases no more than one action can be

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

brought in behalf of those who are entitled to the indemnity and the judgment determines the proportion of such indemnity which he is to receive. These actions are independent, and do not prejudice the original proceedings to which the parties may be subject."

It will be noted that the cause of action does not exist in favor of the administratrix, but must be in the names of the persons to whom the benefit accrues—in this case, the widow, the children, and the father.

In February, 1909, and more than one year after the death of the intestate, the plaintiff obtained an order at Special Term, upon notice, amending the summons by striking therefrom the clause showing that the action was commenced by the plaintiff as administratrix, and adding other names thereto, so that the caption on the part of the plaintiffs now reads as follows:

"Mary E. Johnson, Individually and as Guardian ad Litem of Catherine Johnson and Mary A. Johnson, Infants, and Henry E. Johnson."

The complaint was also ordered amended to contain appropriate allegations conforming to the change of parties and eliminating the allegations in the original complaint which were only proper if the action was in a representative capacity. We have, therefore, so far as the parties are concerned, a radically different action from the one originally commenced.

At the outset it is important to note that the phraseology of the statute quoted makes the one year within which the action may be commenced after the death of the person dying from the injuries a limitation upon the liability of the defendant, constituting an integral part of the cause of action and a condition precedent to its maintenance, and not merely affecting the remedy. Colell v. Delaware, Lackawanna & Western R. R. Co., 80 App. Div. 342, 80 N. Y. Supp. 675; Hill v. Supervisors, 119 N. Y. 344, 23 N. E. 921; Hamilton v. Royal Ins. Co., 156 N. Y. 327, 50 N. E. 863, 42 L. R. A. 485; The Harrisburg, 119 U. S. 199, 214, 7 Sup. Ct. 140, 30 L. Ed. 358. The cause of action in favor of the present plaintiffs had become extinguished, therefore, prior to the application to make them parties to the pending action.

Section 723 of the Code of Civil Procedure liberally provides for amendments to the summons or pleadings in furtherance of justice, and where no change in the cause of action or defense is made and no serious detriment is to result to the opposing party. In construing the provisions of this section of the Code, the courts in some cases have adopted a somewhat broad rather than a restricted interpretation. Tighe v. Pope, 16 Hun, 180; Boyd v. U. S. Mortgage & Trust Co., 187 N. Y. 262, 79 N. E. 999, 9 L. R. A. (N. S.) 399, 116 Am. St. Rep. 599. On the other hand, where a new cause of action is stated, or where the rights of the opposing party are to be materially affected to his detriment, the amendment will not be granted. Doyle v. Carney, 190 N. Y. 386, 83 N. E. 37; Licausi v. Ashworth, 78 App. Div. 486, 79 N. Y. Supp. 631; Van Colt v. Prentice et al., 104 N. Y. 45, 57, 10 N. E. 257.

In the case of Doyle v. Carney, supra, the plaintiff, as administrator of the estate of his minor daughter, deceased, sued to recover for

services rendered by her. It developed on the trial that the services belonged to the father, and an amendment to the complaint conforming to the proof was allowed at the close of the evidence, and a recovery was had. The judgment was reversed for this error. The court, in commenting upon the lack of power to allow the amendment, state this proposition:

"If the original plaintiff could not sustain the action, the statute does not authorize an amendment of the pleading, which adds the name of a person who was, as to the original cause of action, a stranger in the eye of the law."

It has frequently been held that an amendment will not be allowed substituting one defendant for another. N. Y. S. Milk Pan Ass'n v. Remington Agr. Works, 89 N. Y. 22; Shaw v. Cock, 78 N. Y. 194; Bassett v. Fish, 75 N. Y. 303, 315. In a case where an amendment to the complaint has been allowed substituting a new defendant, against whom the cause of action might have been barred by the statute of limitations, the defendant has not been deprived from pleading that defense. Serrell v. Forbes, 106 App. Div. 482, 484, 94 N. Y. Supp. 805; Davis v. N. Y., L. E. & W. R. Co., 110 N. Y. 647, 17 N. E. 733. There is some apparent conflict in the authorities, due probably to the facts which have induced the particular decision, rather than to any disagreement in the legal principles which have been enunciated.

We think there are two or three rules applicable to this case which are well established. In the first place, an action by a person in the capacity of administrator is distinct in personalty from one by an individual. Leonard v. Pierce, 182 N. Y. 431, 75 N. E. 313, 1 L. R. A. (N. S.) 161. The one suing in his official capacity may have a cause of action individually, yet, if he fail to maintain the action as he has planted it, he cannot recover on the assumption that he has one individually like the one alleged in the complaint. He is a stranger to the action. Again, if the plaintiff in this action had recovered a judgment, it would not be a bar to an action by the children, father, or by her as consort of the decedent. Case last cited; Davis v. N. Y., L. E. & W. R. Co., supra.

The complaint in this action sets out all the facts necessary to allege a cause of action in her official capacity. She was not suing as consort, and certainly she was not representing the next of kin. They alone could sue in their behalf. The Canadian statute is explicit in designating to whom the right of action inures, and it would seem all must join in one action, as only one is permitted. Robinson v. Canadian Pacific Ry. Co., Law Reports (1892) Appeal Cases, 481; Millar v. Grand Trunk Ry. Co. of Canada, Law Reports (1906) Appeal Cases, 187. If the plaintiff had sued as consort, and after the lapse of one year from the death of the intestate the next of kin had applied to be made parties plaintiff in the action, I assume their application would have been denied. Their cause of action would have expired. Its life is not dependent upon the plea of the statute of limitations, which pertains to the remedy; but time is the essence of the cause of action.

The respondent relies upon Boyd v. U. S. Mortgage & Trust Co., 187 N. Y. 262, 79 N. E. 999, 9 L. R. A. (N. S.) 399, 116 Am. St. Rep.

599. In that case the action was against the trust company as trustee. The defendant was not liable in that capacity. A motion was made at Special Term to amend the caption of the summons and complaint by striking out the words "as trustee," which was denied, and the order was reversed in the Appellate Division (84 App. Div. 466, 82 N. Y. Supp. 1001); and after trial the judgment and this order were reviewed by the Court of Appeals, and both were affirmed. The amendment was sustained on the ground that no new party was brought in. The court, however, in commenting upon the question, used this significant language at page 269 of 187 N. Y., page 1001 of 79 N. E. (9 L. R. A. [N. S.] 399, 116 Am. St. Rep. 599):

"If its effect was to bring in a new party in the fullest sense of that term—that is to say, a defendant who had never before been brought into court in this action for any purpose—then as to such defendant the action cannot be deemed to have been commenced until the service of the amended process, and such defendant would not be deprived of the benefit of its plea of the statute of limitations. As to new parties brought in by amendment a suit is begun only when they are brought in by the amendment and the service of the amended process. 'If between the time of the commencement of the suit and the time when the new parties are brought in the period of limitation has expired, they may plead the statute in bar of their liability, although the defense may not be available to the original defendants.' Shaw v. Cock, 78 N. Y. 194, 197."

In the summons and complaint, as amended in this action, each of the plaintiffs is a new party. The next of kin were certainly not parties, and with the facts so distinctly alleged showing the plaintiff sued in her official capacity, stating no cause of action accruing to her as administratrix, we think the case is distinguishable from the Boyd Case.

The order should be reversed, with $10 costs and disbursements, and the motion to amend denied, with $10 costs. So ordered. All concur, except WILLIAMS and KRUSE, JJ., who dissent in a memorandum by KRUSE, J.

KRUSE, J. (dissenting). Under the Quebec statute the plaintiff Mary E. Johnson, who is the widow of the deceased, John E. Johnson, and her coplaintiffs, seem to have a right of action against the defendant to recover damages for the death of said deceased. But the action must be brought within one year after the death of the deceased, and no more than one action can be brought in behalf of those who are entitled to recover under the provisions of the statute. The proportion of the indemnity to which each is entitled is determined in the action.

I agree with Mr. Justice SPRING that the right of action may be enforced in the courts of our state, that the foreign statute controls except as to matters of procedure, and that the bringing of the action within one year after the death of the deceased, as provided in the Quebec statute, is a condition precedent attaching to the cause of action itself, and not a mere statute of limitation affecting the remedy. But I do not think that, because the plaintiff brought the action without her coplaintiffs joining with her originally, she is necessarily prevented thereby from recovering her damages. Nor do I think that the court is powerless to afford her relief by way of amendment of the

summons and complaint, so as to show that she is prosecuting the action individually, and not as administratrix of the estate of her deceased husband. It is possible that she, as well as her coplaintiffs, may encounter difficulties upon the trial in maintaining the action. It appears that while the action was commenced by her within one year after the death of her husband, the order amending the summons and complaint, by adding her coplaintiffs as parties plaintiff to the action, was not made within one year. But I think that question need not be determined at this time.

The question here is whether the Special Term had authority to allow the amendment to the summons and complaint, and that question, I think, should be answered in the affirmative (Boyd v. U. S. Mortgage & Trust Co., 187 N. Y. 262, 79 N. E. 999, 9 L. R. A. [N. S.] 399, 116 Am. St. Rep. 599), and the order affirmed.