### BOWEN v. PHŒNIX BRIDGE CO.

(Supreme Court, Appellate Division, Fourth Department. July 6, 1909.)

LIMITATION OF ACTIONS (§ 125*)—AMENDMENT—CHANGE OF PARTIES.

> Where plaintiff sued as administratrix, an amendment to the summons and complaint, by striking out the words showing that she commenced the action in an administrative capacity, was unauthorized; her individual right to sue being barred by limitations.
>
> [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 542; Dec. Dig. § 125.*]
>
> Williams and Kruse, JJ., dissenting.

Appeal from Special Term, Erie County.

Action by Martha E. Bowen, as administratrix, etc., against the Phœnix Bridge Company. From an order directing the amendment of the summons and complaint, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Daniel J. Kenefick, for appellant.
Edwin L. Dolson, for respondent.

SPRING, J. This action was commenced by Martha E. Bowen, as administratrix of James Bowen, deceased and the amendment was in striking out the words showing she commenced the action in an administrative capacity. Martha E. Bowen was the consort of the deceased. The general features involved in the appeal have been sufficiently reviewed in the opinion in Johnson, as administratrix, etc., v. Phœnix Bridge Company (handed down at this term of the court) 118 N. Y. Supp. 88.

We think this case is distinguishable from Boyd v. U. S. Mortgage Trust Co., 187 N. Y. 262, 79 N. E. 999, 9 L. R. A. (N. S.) 399, 116 Am. St. Rep. 599. In that case the amendment was in striking from the caption the words "as substituted trustee," etc. It might be diffi-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cult for a person suing to ascertain positively in what capacity the defendant is to be charged with liability. The action is planted and the complaint framed from the best information available to the plaintiff. If it develops that a cause of action exists, only the defendant named in a trust capacity is liable individually, the change required to meet the development may well be within the power of the court to make. When, however, a person brings an action, he has the knowledge in himself as to the capacity in which he should sue. If he elects to allege a cause of action accruing to him as administrator, and subsequently desires to amend by enabling him to sue individually, a change of plaintiff would occur, and the amendment is not permissible. The action was commenced apparently on the hypothesis that the statute of New York regulated the rights of the parties. The complaint in all its details conforms to the requirements of a cause of action arising in this state. No cause of action upon which a recovery could be had was set forth in the complaint. By the amendment a new party is substituted, who may maintain the action.

As stated in the opinion in the Johnson Case, above referred to, the year after the accident within which the action must be commenced is a part of the cause of action, instead of a statutory limitation upon the remedy. The cause of action accruing to the plaintiff individually had become extinguished when the amendment was made. It was not a defense to be interposed by the defendant. These features, it seems to me, fundamentally distinguish the case from the Boyd Case cited. The order should be reversed.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur, except WILLIAMS and KRUSE, JJ., who dissent in a memorandum by KRUSE, J.

KRUSE, J. (dissenting). In this case, unlike the Johnson Case, no new parties are added. The only amendment is that of striking out from the title of the summons and complaint the words "as administratrix of the goods, chattels, and credits of James Bowen, deceased," and conforming the complaint so as to show that the action is prosecuted by the plaintiff individually, and not as administratrix. I think it clear that the Special Term had authority to grant the amendment. Boyd v. U. S. Mortgage & Trust Co., 187 N. Y. 262, 79 N. E. 999, 9 L. R. A. (N. S.) 399, 116 Am. St. Rep. 599.

The case of Doyle v. Carney, 190 N. Y. 386, 83 N. E. 37, does not, as it seems to me, conflict with the Boyd Case. In that case the plaintiff, as administrator of the estate of his daughter, sought to recover the value of services rendered by her to the defendant's testatrix. It appeared upon the trial that the daughter was a minor at the time the services were rendered, and the objection was then made that the plaintiff could not maintain the action in his representative capacity, as the services belonged to him personally. Thereupon the plaintiff was allowed to amend his complaint to conform to the proof, and the judgment was entered in his favor, individually and as administrator, for the amount of the verdict; and it was held in the Court of Appeals that such an amendment was unauthorized upon the trial, but it was

not held that the Special Term would not have had the power to allow the amendment upon a proper application seasonably made therefor.

I think the order should be affirmed.

WILLIAMS, J., concurs in this dissent.

<hr>

Daniel J. Kenefick, for appellant.

Edwin L. Dolson, for respondent.

