### LONG v. FULTON CONTRACTING CO.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1910.)

1. APPEAL AND ERROR (§ 1050*)—REVIEW—HARMLESS ERROR—EVIDENCE AT FORMER TRIAL.

 In an action for personal injuries, where there is no question as to the amount of damages, it was harmless error to admit the order and judgment of reversal of a former suit between the same parties, which was reversed on the question of damages.

 [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160; Dec. Dig. § 1050.*]

2. MASTER AND SERVANT (§ 221*)—MASTER'S LIABILITY—ASSUMED RISKS.

 In an action for personal injuries through the breaking of a derrick boom, it appeared that the boom was rotten and that the plaintiff objected to work with such machinery, but was assured by defendant's superintendent that it was safe and would be repaired the next day, before which time the accident occurred. Held, that the plaintiff did not assume the risks of his employment.

 [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 638–647; Dec. Dig. § 221.*]

3. MASTER AND SERVANT (§ 204*)—ASSUMED RISKS—STATUTORY PROVISIONS—CONSTRUCTION.

 Under Employer's Liability Act (Consol. Laws, c. 31) § 202, the presumption is that an employé, by entering upon or continuing in the service, assents to necessary risks only, which remain after the employer has exercised due care for the safety of his employés, so that an employé, suing thereunder, who was injured by the breaking of a derrick boom, whose rotten condition had been called to the superintendent's attention, and which he had promised to fix, cannot be held to have assumed the risk.

 [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 204.*]

 Williams and Robson, JJ., dissenting.

Appeal from Trial Term, Oswego County.

Action for personal injuries by George F. Long against the Fulton Contracting Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

A. H. Cowie, for appellant.

O. M. Reilly, for respondent.

KRUSE, J. The action is for negligence. The plaintiff was employed as a signalman on the derrick used for lifting and moving heavy material in the defendant's work. The boom of the derrick broke and struck plaintiff, fracturing his skull, so that the brain exuded, and otherwise injuring him. The verdict is for $5,000. It is not claimed to be excessive. The action is brought under the employer's liability act. The case has been here once before, and reversed, but only upon questions relating to damages. 133 App. Div. 842, 117 N. Y. Supp. 1118.

No evidence was introduced on behalf of the defendant, save the testimony of one physician, relating to the plaintiff's injuries. The

testimony shows that the boom was punky, soft, and rotten; that the attention of the superintendent was called to it; that the plaintiff and others refused to go to work unless it was fixed; that they said it was not safe; that the superintendent told them to go to work —that he would guarantee the boom and would have it fixed the next day. But before the next day came the accident had happened. Quite a number of witnesses testified substantially to these facts, and they are not disputed. The superintendent was not sworn upon the trial.

Two points are urged for reversal: (1) That the trial court erred in allowing the order and judgment of reversal of the Appellate Division in the former case to be read to the jury. It was done over the general objection and exception of the defendant, but the point which the appellant now makes was not specifically raised on the trial, namely, that it was improper to state the result of the first trial. But, assuming that the general objection was sufficient, I think no harm was done. While it appeared that the plaintiff recovered a verdict on the former trial, it also appeared that the judgment entered thereon had been reversed. The evidence, if not conclusive as a matter of law, establishes beyond question the defendant's liability, and, as has been stated, the verdict is not claimed to be excessive.

2. The only other ground urged for reversal is in the charge relating to assumed risk. The trial court charged that every employé is deemed to assume the necessary risks of that employment, but those risks are not assumed which with ordinary and reasonable prudence the master could have avoided. The defendant excepted to the part stating what risks were not assumed. I think the exception not well taken. The undisputed evidence shows that the plaintiff refused to work because the derrick was unsafe. He was assured by the superintendent that it was safe, and would be repaired the next day. Relying upon that assurance, the plaintiff remained at work. Before the time for making the repair, the accident happened. Under such circumstances, the plaintiff did not assume the risk. Rice v. Eureka Paper Co., 174 N. Y. 385, 66 N. E. 979, 62 L. R. A. 611, 95 Am. St. Rep. 585; Swarts v. Wilson Mfg. Co., 115 App. Div. 739, 100 N. Y. Supp. 1054, affirmed 193 N. Y. 623, 86 N. E. 1133.

Furthermore, under Employer's Liability Act (Consol. Laws 1909, c. 31, § 202), under which the action is brought, the presumption now is that an employé, by entering upon or continuing in the service, assents to the necessary risks only of his occupation or employment; and those are such as remain after the employer has exercised due care and complied with the laws for the greater safety of the employé.

I think the verdict is right, and that the judgment and order should be affirmed, with costs. All concur, except WILLIAMS and ROB-SON, JJ., who dissent, on the ground of errors in the reception of evidence and in the charge.