GREATER NEW YORK EXPORT HOUSE, INC., Respondent, *v.* JULES HURTIG and Others, Defendants, Impleaded with ARTHUR L. PEIRSON and Others, as Trustees, Appellants.

First Department, November 3, 1933.

*J. Irving Weissman* of counsel [*Weissman & Rapps*, attorneys], for the appellants.

*Robert Aronstein*, for the respondent.

MARTIN, J. The Greater New York Export House, Inc., brought this action to recover the sum of $8,962.50, the agreed price of furnishing and installing carpets in a theatre in Jamaica, Long Island. The defendants, appellants, and Jack Silvestri had been named as trustees of the Perri Contracting Company, Inc., and as such trustees were liable for at least a part of the amount which plaintiff sought to recover.

Prior to April 23, 1930, the respondent instituted this action and made the said trustees defendants as individuals but not as trustees. On that date a summons and complaint were served on defendant Silvestri as an individual and not as a trustee. The appellants Peirson and Rehn were also served as individuals and not as trustees.

Thereafter the defendant Silvestri individually appeared by his attorney, but the defendants Peirson and Rehn defaulted. On August 15, 1930, an order was entered severing the action and directing that judgment be entered against Peirson and Rehn, and on September 8, 1930, judgment in favor of the plaintiff and against these defendants, as individuals, was entered for the sum of $9,864.26.

After the entry of the above judgment, the plaintiff moved to amend the title of the action, so that the defendants Rehn, Peirson, Frank and Silvestri, all sued in their individual capacities, should be designated as trustees. This motion was made upon the affidavit of the plaintiff's attorney and the attorney for the defendant Silvestri who withdrew his answer and consented to the amendment of the title of the judgment.

On the 13th of November, 1931, an order was entered amending the judgment theretofore entered on September 8, 1930, as follows: " It is hereby adjudged that the Greater New York Export House, Inc., the plaintiff, do recover of Frederick H. Rehn and Arthur

L. Peirson, individually and Frederick H. Rehn, who was duly personally served, and Arthur L. Peirson who was duly personally served, Charles I. Frank, who has not been served and Jack Silvestri, who was duly personally served, as trustees under an agreement between Hurtjam Realty Corporation, Perri Contracting Company, Inc., the defendants Arthur L. Peirson, Frederick H. Rehn, Charles I. Frank and Jack Silvestri and certain creditors, the defendants, the sum of $9,864.26, the amount claimed with interest, costs and disbursements and that the said plaintiff have execution therefor; and the Clerk of the County of New York is hereby directed to correct the entry of the said judgment accordingly in the Judgment Docket, *nunc pro tunc*, as of the 8th day of September, 1930."

The appellants moved to set aside and vacate the order so made. The motion was denied.

The appellants contend that the effect of the order which they sought to have vacated is that the individual defendants, sued as such, are being held liable as trustees as well, and that the sole reason for this is to enable the plaintiff to reach moneys and property which the trustees, as such trustees, are holding and to satisfy the judgment out of said moneys. The trustees had recovered a judgment for about $13,000 which moneys are on deposit with the chamberlain of the city to the credit of the trustees.

It is also asserted by the appellants that if they had been sued as trustees they would have interposed answers setting forth valid defenses to this action, which they did not feel they should assert in actions against them as individuals. It is further argued that at most the liability of the appellants as trustees was limited to the sum of $2,250 as shown by the exhibits attached to the complaint.

There is no provision in the Civil Practice Act permitting such an amendment of the title in an action after entry of judgment, by bringing in and making liable parties who were not served with a copy of the summons and complaint, and who had no opportunity to litigate the question of liability. It is clear that the rights of the appellants as trustees are wholly separate and distinct from their rights in their individual capacities in which they were sued and that their liability as individuals is different from their liability as trustees. This is admitted by the respondent who sought to bring the appellants in as trustees because it was impossible to levy execution against the funds which appellants held as trustees. The trustees were never served and the service of the summons and complaint upon the appellants as individuals cannot, as a matter of law, be deemed service upon them as trustees nor the

basis for the amendment of the title and the entry of judgment against the trustees.

The respondent relies upon the case of *Boyd* v. *United States Mortgage & Trust Co.* (187 N. Y. 262) as authority for permitting the amendment of the title and judgment in this case. While that case does hold that the changing of the designation of a defendant from a representative to individual capacity before the trial or before judgment does not effect a change of parties, it does not hold as maintained by the respondent that a party may amend the title after the entry of judgment. That case appears to sustain the proposition advanced by the appellants. At page 270 of his opinion Judge BARTLETT said: " As a result of this research, and after a careful consideration of the reasoning in support of the contending views, I am satisfied that the amendment allowed in the case at bar does not really bring in a new party in the sense of making one a defendant who was not in any sense a defendant before the process and pleading were amended. It merely changes the capacity in which the same person is sought to be charged. That person having actually been brought into court by the service of the original process there seems to be no reason why he should not be required to contest upon the merits any cause of action growing out of the facts alleged in the complaint which the plaintiff may have against him in one capacity rather than in another provided that he is notified by a timely and proper amendment of the precise capacity in which the plaintiff seeks to hold him liable."

In the present case the appellants were not afforded the opportunity of appearing in and contesting " upon the merits any cause of action growing out of the facts alleged in the complaint " which the plaintiff had against the appellants in their capacity as trustees. The appellants were entitled to the right to defend on the merits as trustees and the judgment taken against them as individuals cannot now be changed to permit the entry of judgment against them without giving them their day in court.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion granted, with ten dollars costs, vacating and setting aside the order amending the title and judgment.

FINCH, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs.