Joseph A. Broderick, as Superintendent of Banks of the State of New York, Appellant, Respondent, *v.* Robert Adamson and Others, Defendants, Impleaded with Morris W. Haft, Individually and as Trustee for Jules David Haft, Respondent, Appellant. *

First Department, February 23, 1934.

*Harold N. Cohen* of counsel [*Arthur Ofner* and *Isadore H. Cohen* with him on the brief; *Carl J. Austrian*, attorney], for the plaintiff.

*Lazarus Joseph* of counsel [*Jacob S. Demov* and *Charles L. Grad* with him on the brief; *Joseph & Demov*, attorneys], for the defendant.

Untermyer, J. The action is by the Superintendent of Banks to recover from the defendants, including Morris W. Haft, individually, the amount of an assessment on stock of the Bank of United States, of which, it is alleged, the defendants were registered stockholders. At the conclusion of the trial and after both parties had rested, the plaintiff moved to add Morris W. Haft as trustee for his son Jules David Haft as a defendant and to amend the complaint to conform to the proof by alleging that the shares of Bank of United States stock were owned either by Morris W. Haft individually or as trustee. Against the opposition of the defendant the motion was granted by the trial court. Thereafter the court rendered a decision in favor of Morris W. Haft individually, but held him liable in his capacity as trustee for Jules David Haft for the amount of the assessment. Both parties have appealed.

* See 148 Misc. 353, 357.

We agree with the trial court that Morris W. Haft is not liable individually for the assessment, and accordingly affirm the judgment dismissing the complaint upon the merits as to him. We are, however, of opinion that the court should not have added Morris W. Haft, as trustee, as a defendant under the circumstances here. By joining him as a defendant at the very end of the trial he was prevented from interposing defenses which might not have been available to him individually but which may be available to him as trustee. He was furthermore deprived of the opportunity to litigate the question of his liability as trustee since he had no notice that it was intended to hold him liable in that capacity until after both parties had rested their case. Thereby he was deprived of a substantial right. (*Doyle* v. *Carney,* 190 N. Y. 386; *Greater New York Export House, Inc.,* v. *Hurtig,* 239 App. Div. 183.)

The judgment, in so far as it dismisses the complaint as against Morris W. Haft individually, should be affirmed, and in so far as it directs judgment against him as trustee it should be reversed and judgment entered dismissing the complaint, without prejudice, with costs to said defendant individually and as trustee in this court and at Special Term.

FINCH, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Judgment, in so far as it dismisses the complaint as against Morris W. Haft individually, affirmed, and in so far as it directs judgment against him as trustee, reversed and judgment entered dismissing the complaint, without prejudice, with costs to said defendant individually and as trustee in this court and at Special Term. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded. Settle order on notice.