EMILIE LEARDON, Plaintiff, *v.* DONALD D. DART and CHARLES A. EHEHALT, Defendants.

Supreme Court, Special Term, New York County, October 15, 1940.

*Frederick W. Scholem,* for the plaintiff.

*Ziehnert & Gold [Harold Gold* of counsel], for the defendants.

MILLER, J.   This cross-motion is granted to the extent of amending the summons and the title of the action so as to name the defendants in their representative rather than their individual capacities. (*Boyd* v. *United States Mortgage & Trust Co.,* 187 N. Y. 262.)   Although in the case cited the court upheld an amendment which changed the capacity in which the defendant was sued from representative to individual, the reasoning of the court is equally applicable to an amendment effecting a converse result. Thus, the court cited with approval Massachusetts decisions " where a writ against a defendant personally can be amended so as to charge him in his capacity as administrator " (p. 268), and the court referred to the " frequent judicial recognition of the fact that when a particular person has been served with process not specifying the precise capacity in which he is sought to be charged, he has, nevertheless, been brought into court to such an extent that he may be declared against in a representative character " (p. 272).

The question of whether the Statute of Limitations would bar a new action against the defendants in their representative capacity is immaterial since, as the Court of Appeals pointed out in *Boyd* v. *United States Mortgage & Trust Co.* (*supra*), the effect of the amend-

ment is not to " bring in a new party in the sense of making one a defendant who was not in any sense a defendant before the process and pleading were amended," but merely to " change the capacity in which the same person is sought to be charged " (p. 270). This is so even where the amendment changes the capacity in which a defendant is sued from individual to representative: " In other words, an action against him has been commenced, and if the plaintiff by averments in the declaration makes manifest his purpose to charge him only in a representative capacity he may be permitted to do so without being placed in the same position as that which he would occupy if required to begin the suit anew. The court in the case supposed is deemed to have acquired jurisdiction over the person of the individual served and may continue to exercise that jurisdiction over him in any capacity in which the plaintiff seeks to render him liable, provided only that he in his own person is the only one called upon to litigate the issue proffered by the declaration " (p. 272).

The case of *Greater New York Export House, Inc.*, v. *Hurtig* (239 App. Div. 183) is clearly distinguishable in that there the motion to amend was made only after judgment and the defendants in their representative capacity, therefore, " had no opportunity to litigate the question of liability " (p. 185).

It is to be noted that it is clear from the allegations of the complaint itself that plaintiff could not have intended to sue the defendants as individuals, the pleading containing no reference whatsoever to any acts or omissions of the defendants for which they could conceivably be personally liable.

Settle order.