■ FRANK GRIPPO, as Executor of DONATO GRIPPO, Deceased, Respondent, v. GIACOMO DI VITO, Appellant, et al., Defendant.— In an action on a promissory note and a renewal thereof for $2,000, the maker appeals, by notice dated March 1, 1957, from a judgment of the City Court of Mount Vernon entered, after trial by the court without a jury, against him in favor of the executor of one of the payees for $1,500, and also appeals, by notice dated May 9, 1957, from orders of said court (1) granting appellant's motion to reargue the decision upon which the judgment was entered and adhering to the original decision, (2) denying appellant's motion for a new trial pursuant to sections 549 and 552 of the Civil Practice Act, and (3) granting appellant's motion for reargument of the motion for a new trial and on reargument adhering to the original decision. The named payees of the renewal note are Donato Grippo and Florence Grippo, both deceased. The action was originally brought by Frank Grippo and his two brothers, sons of the payees, individually. On the trial the caption of the action was amended so as to substitute Frank Grippo as executor of the estate of Donato Grippo, deceased. Judgment modified upon the law (1) by adding thereto a provision that the caption of the action be amended to read "Frank Grippo, as Executor of Donato Grippo, Deceased, and Florence Grippo, Deceased," and (2) by adding wherever necessary in said judgment the words "and Florence Grippo, Deceased". As so modified, judgment unanimously affirmed, with costs to respondent. The findings of fact are affirmed. Order on reargument adhering to the original decision upon which the judgment was entered and order on reargument adhering to the original decision denying a motion for a new trial unanimously affirmed, without costs. Frank Grippo is the executor of both payees, and the action should have been brought on behalf of both estates. The fact that at the time of the trial the Statute of Limitations had run as against the estate of Florence Grippo, is immaterial. The adding of Frank Grippo, as executor of Florence

Grippo, deceased, as a party plaintiff, is the correction of a mere irregularity in an existing cause of action (*Wolford* v. *Copelon*, 242 App. Div. 91; *Kline* v. *Hoelderlin*, 45 N. Y. S. 2d 489). It is not the commencement of a new action which might be barred by the Statute of Limitations (*Kline* v. *Hoelderlin*, supra; *Christal* v. *Kelly*, 88 N. Y. 285; *Leardon* v. *Dart*, 175 Misc. 318). The irregularity may be corrected by this court (*Gorham* v. *Arons*, 306 N. Y. 782). Appeal from order denying motion for a new trial dismissed, without costs. (Cf. *Graffeo* v. *Graffeo*, 7 A D 2d 741.) Present — Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.