David O. Boehm, J.
As the result of an accident on August 13,1965 in an establishment in the City of Rochester, New York, known as Vallot’s Tavern, the plaintiff commenced this personal injury action in February, 1968. Supporting the motion to amend is an affidavit by plaintiff’s counsel stating that at the time of the accident Richard Vallot, the named defendant, operated the tavern as the executor of the estate of Alpheus Vallot. and thereafter, but prior to the commencement of this action two and one-half years later, the operation of the tavern was undertaken by the defendant individually.
A copy of the plaintiff’s proposed amended complaint is attached to his motion papers. Comparing it with the original, which is also before the court, shows no new facts nor any new cause of action. A change is sought to transform the individual defendant into a representative defendant, and the affidavit on behalf of the plaintiff deposes that the defendant will not be prejudiced thereby.
Since the Statute of Limitations has expired, it is clear that the plaintiff will be fatally prejudiced if the motion is not granted.
At the argument of the motion, the defendant vigorously opposed the relief sought. For some reason, however, he did not submit any affidavits in reply. There is thus nothing before the court, other than the naked lapse of time between the suit’s commencement and the application sub judice, which is responsive to the plaintiff’s position that no prejudice to the defendant will result if the amendment is allowed.
Although not sufficient to meet the allegations in the sworn affidavit (Matter of Jones v. New York State Bd. of Parole, 32 A D 2d 739), the court has carefully considered the statements in *871 the defendant’s memoranda of law; yet, even these consist solely of generalities reflecting vague unease or apprehension if the amendment is permitted.
The policy of the courts in this State traditionally has ¡been to overlook mistakes or errors and to allow corrections if the mistake can be rectified without affecting substantial rights. In 1943, the Supreme Court, Monroe County, in permitting the amendment of a summons and complaint to allow a plaintiff to sue individually rather than in a representative capacity, held: “ A summons and complaint may be amended to allow a plaintiff to sue individually rather than in a representative capacity, and this even though the ¡Statute of Limitations has run prior to such amendment * * * Similarly a summons and complaint may be amended changing plaintiff’s capacity from that of an individual to that of a representative of a deceased.” (Kline v. Hoelderlin, 45 N. Y. S. 2d 489, 490; see, also, Boyd v. United States Mtge. & Trust Co., 187 N. Y. 262; Leardon v. Dart, 175 Misc. 318.)
Since the enactment of the Civil Practice Law and Rules, the policy of permitting mistakes to be corrected at any stage of an action is, if anything, even more liberal. (CPLR 104, 2001; 2 Weinstein-Korn-Miller, N. Y. Prac., par. 2001.01 et seq.; Heimer v. Johnson, Drake & Piper, 26 A D 2d 547; Ryan v. Nationwide Mut. Ins. Co., 20 A D 2d 270.)
That the plaintiff sued the defendant in an individual capacity cannot be urged as a reason to deny the relief sought. At all times the defendant was named in the action. At all times, whether at first as executor or thereafter as the present owner, the defendant operated the tavern. The court obtained jurisdiction of the defendant before the Statute of Limitations expired, and it is clear from paragraph “ 3 ” of the complaint that the defendant knew he was being sued in the capacity, individual or representative, of owner.
Furthermore, as recently emphasized by the Appellate Division of the Supreme Court, this Department, in permitting the amendment of a complaint: “ The mere lapse of time, without more, is not sufficient ground for denial of the motion ’ ’. (Smith v. University of Rochester Med. Center, 30 A D 2d 736).
The motion of the plaintiff is granted, with costs.
The order shall include the amendment of all of the pleadings to date, including the summons, in addition to the relief requested.